**Emil Hahn, d/b/a Industrial Sheet Metal Works, Plaintiff-Appellant, v. Richard B. Wiggins and Lydia M. Wiggins, d/b/a Richard Wiggins And Associates, Defendants-Appellees.**

Gen. No. 47,690.

First District, Third Division.

December 9, 1959.

Released for publication January 29, 1960.

Allen H. Meyer and Edward Bazelon, of Chicago, for appellant.

McCarthy, Toomey, and Reynolds, of Chicago (John E. Toomey and John M. Kaveny, of counsel) for appellees.

JUSTICE BURKE delivered the opinion of the court.

On November 13, 1953, Emil Hahn filed a complaint in the Superior Court of Cook County against Richard B. Wiggins and Lydia M. Wiggins, his wife, for an accounting and other relief. The defendants, served with a summons in Martin County, Florida, filed a special appearance and motion contesting the jurisdiction of the court over their persons on the ground that as the action sought a personal money judgment, service beyond Illinois was a nullity. On June 15, 1954, the court quashed the return of service of the summons. On April 28, 1958, an alias summons dated April 21, 1958, was filed. It was endorsed with a return by the Sheriff of Du Page County that he served the summons and complaint upon the defendants by leaving a true copy thereof with each of them personally. The alias summons is attested by Edmund J. Kucharski as the clerk of the Superior Court. In fact Mr. Kucharski was succeeded as clerk of that court on the first Monday of December, 1956, by Francis S. Lorenz. On April 29, 1958, a firm of attorneys entered the general appearance of the defendants. On June 5, 1958, pursuant to the written motion of the defendants the time within which they could answer or otherwise plead was extended to June 20, 1958.

On June 20, 1958, defendants filed their motion for leave to withdraw their general appearance and to substitute their special and limited appearance for the purpose of objecting to the jurisdiction of the court, quashing the return of service of the alias summons and dismissing "the complaint for failure of plain-

tiff to show reasonable diligence to obtain service of process upon them." Their motion was supported by an affidavit by Mr. Wiggins stating that prior to November, 1952, defendants resided in Chicago; that on or about November 1, 1952, they moved to Florida, where they remained continuously for 18 months; that on or about April 15, 1954, they returned to Chicago where they maintained their residence at 7331 North McVickers Avenue until July, 1955; that thereafter they resided continuously at 472 Emery Lane, Elmhurst, Illinois; that from May, 1955, he was employed by the Wirecloth Company, Bellwood, Illinois; that from July, 1954, to the present time he has been listed in the regular list of indexed telephone subscribers under his proper name; that defendants maintained accurate records of their business dealings during the years 1951, 1952 and 1953; that they retained these records for "a period of five years respectively"; that neither defendant now has "complete records of their business dealings during the years involved in plaintiff's demand"; that defendants were served with process in this cause while residents of Florida; that affiant engaged an attorney in Chicago to protect defendants' rights and "was informed by this attorney that the matter had been disposed of favorably to affiant and his wife in June, 1954"; that defendants first learned of the "continued pendency of this action after summons was served upon them on April 24, 1958"; and that neither he nor his wife "have taken any action to avoid service of process, secret themselves within the jurisdiction or take any other steps to hinder service of summons upon them."

In a counteraffidavit the attorney for plaintiff stated that at the time of the ruling that the service in Florida was invalid he considered the advisability of proceeding by way of an attachment in aid; that eventually he determined that due "to the risks in-

volved" he would continue his effort to procure personal service on the defendants; that "during the early spring of 1955" he was advised by plaintiff that the defendants had moved back to Chicago and were living at 7331 North McVickers Avenue; that he telephoned to the "telephone number listed for that address" and was advised by the individual who answered the telephone that he was not Richard Wiggins; that the latter did not live at that address; that he (the informant) had received numerous telephone calls for a Richard Wiggins, to all of which "he had indicated that Richard Wiggins and Lydia Wiggins did not live at the address covered by that telephone"; that affiant notified plaintiff of the conversation; that plaintiff, during the early summer of 1955, spent one Sunday parked a few doors from the address at 7331 North McVickers Avenue, saw various people enter and leave the premises, but did not see either of the defendants "both of whom he knew"; that in early 1956 affiant made a personal trip to the address on McVickers Avenue to inquire of the occupants of the whereabouts of the defendants; that there was no answer at 7331 North McVickers Avenue; that affiant knocked on the door of a neighbor who advised that "they" had no information as to the present whereabouts of the defendants; that it was assumed that the defendants had gone to parts unknown, which could well be anticipated by the nature of defendants, to-wit: the fact that part of the claims in the instant case is predicated upon checks issued by defendants, or one of them, wherein their bank indicated that they issued the checks without sufficient funds, and therefore it was assumed that as long as the case was pending we could continue attempting to locate the defendants; that in April, 1958, affiant was advised by plaintiff that the defendants were living at 472 Emery Lane, Elmhurst, Illinois,

whereupon the alias summons was delivered to the Sheriff of Du Page County; that there was a "patent unwillingness on the part of the defendants to try this matter on the merits by virtue of their being unwilling to submit to the jurisdiction of this court"; and that plaintiff and affiant "have been diligent in attempting to obtain service." On September 9, 1958, the court entered an order granting leave to the defendants to withdraw their general appearance and substitute therefor their special and limited appearance. Thereupon the attorneys for the defendants filed a formal withdrawal of the general appearance and filed a special and limited appearance for the purpose of moving to quash the return of service of the alias summons and to dismiss the complaint for failure "to show reasonable diligence to obtain service of process."

On December 1, 1958, the court entered an order finding that in April, 1954, defendants resumed residence in Illinois, first in Chicago and thereafter in Elmhurst, where they have since resided; that during the period from June, 1954, to and including March, 1958, plaintiff failed to have an alias summons issued by the clerk or to a place a summons with the sheriff for service, "by reason of which plaintiff has failed to show reasonable diligence to obtain service on defendants in accordance with Rule 4 of the Supreme Court Rules and therefore the suit should be dismissed;" and the court ordered that the alias summons served on defendants on April 24, 1958, "be quashed, declared void and of no effect, that the complaint be dismissed at plaintiff's costs and that he take nothing by his suit."

 A general appearance brings the appearing party into court for all purposes until final judgment, subjecting him to the same burdens and liabilities,

and according him the same rights and standing that would have resulted had he properly been brought into court in the first instance. 6 C. J. S., Appearances, Sec. 15. The granting or refusal of leave to withdraw an appearance is largely discretionary with the court. Generally the withdrawal will be allowed if the appearance has been entered through fraud or mistake, under a misapprehension, without authority, or if plaintiff has been permitted to make a material amendment. On the other hand, leave to withdraw an appearance should ordinarily be denied if good cause therefor is not shown. 6 C. J. S. Appearances, Sec. 27. In the instant case the general appearance of the defendants was their voluntary act and they also obtained an extension of time within which to answer or plead. The complaint, a copy of which was served on them by the sheriff, showed by its number that the case was filed in 1953. In his affidavit Mr. Wiggins states that he was informed by his first attorney that "the matter had been disposed of favorably" to the defendants in June, 1954. Therein he refers to the action of the court in sustaining the motion to quash the service of the first summons issued and which was served by a sheriff in Florida. The statement of his then attorney that the matter had been disposed of favorably to the defendants would be consistent with the fact that the suit was still pending. Certainly his then attorney knew that the case had not been disposed of. The law is well established that notice of an attorney is notice to the client who employs him, and that knowledge of an attorney is knowledge of or imputed to his client. The fact that the attorney has not actually communicated his knowledge to the client is immaterial. There was no justification for the order allowing the defendants to withdraw their general appearance and file a special appearance.

There is no showing that the general appearance was entered through fraud, mistake, under a misapprehension or without authority. In our opinion the imperfections in the summons and the copies thereof served on the defendants do not support the order permitting the withdrawal of the general appearance. At the time the defendants filed their general appearance they should have known that the complaint wherein the plaintiff was seeking an accounting and other relief had been pending against them since November, 1953.

The defendants' motion to dismiss the cause was predicated upon Par. 2 of Rule 4 of the Supreme Court Rules (Ch. 110, Sec. 101.4 (2) Ill. Rev. Stat. 1957) which reads: "If the plaintiff fails to show reasonable diligence to obtain service, the action as a whole or as to any unserved defendant may be dismissed on the application of any defendant or on the court's own motion." The plaintiff was showing reasonable diligence to obtain service. He delivered a summons and a copy of the complaint to the Sheriff of Du Page County with information as to the whereabouts of the defendants, and the summons, together with copies of the complaint, were served on the defendants. The defendants filed a general appearance and obtained an extension of time in which to answer or otherwise plead, thereby indicating an intention to contest the allegations of the complaint. The record shows an adequate explanation by the plaintiff for the delay in procuring service. Paragraph 2 of Supreme Court Rule 4 has no application to this case. The fact that plaintiff obtained service certainly established that he showed reasonable diligence to obtain service. The chancellor erred in dismissing the complaint. The order of December 1, 1958, is reversed and the cause is remanded with directions to deny the motion to

398

withdraw the general appearance and for further proceedings consistent with these views.

Order reversed and cause remanded with directions.

BRYANT, P. J. and FRIEND, J., concur.