**Ernest Felton, Sr., Plaintiff-Appellant, v. Joseph Coyle, et al., Defendants-Appellees.**

**Gen. No. 50,317.**

First District, Second Division.

November 30, 1965.

Jurco, Damisch & Sinson, of Chicago (Junie L. Sinson and James R. Mitchell, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago (Oswell G. Treadway, of counsel), for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

On April 10, 1959, the grievances of which plaintiff complains allegedly took place. On April 10, 1961, two years thereafter, he filed his complaint in the instant action. On July 31, 1961, he filed his amended complaint. On May 2, 1963, a third alias summons was issued. It was filed on May 17, 1963, with a return by the sheriff that Dr. Joseph Coyle was served on May 9, 1963. On June 7, 1963, Dr. Coyle entered his appearance and filed a jury demand. In June 1963, Dr. Coyle filed a motion for an order dismissing him as a defendant under Supreme Court Rule 4(2). On June 27, 1963, the court denied Dr. Coyle's motion to dismiss. Thereupon Dr. Coyle filed his answer to the amended complaint. On December 11, 1964, the case came on for trial before another judge, whereupon Dr. Coyle renewed his motion to dismiss the action as to him on the ground that plaintiff had not shown reasonable diligence to obtain service upon him. On December 11, 1964, the court granted the motion of Dr. Coyle to dismiss the cause for failure of plaintiff to show reasonable diligence to obtain service upon him and the suit was dismissed as to him with prejudice and judgment entered accordingly. The court found that there was no just reason to delay enforcement of or appeal from the judgment. Plaintiff appeals.

Plaintiff's theory of the case is that it was error to dismiss Dr. Coyle for failure to have him promptly served with process since the record shows that the original summons was placed shortly after the suit was filed, that three alias summons were placed for service, that the last alias summons was in fact served on defendant, and that the dismissal violated the mandate of the Civil

Practice Act that disputes be resolved on their merits insofar as possible. Dr. Coyle's theory is that the plaintiff failed to exercise reasonable diligence to obtain service upon him and that under the law and provisions of Supreme Court Rule 4(2), the trial judge was correct in dismissing the supposed cause of action as to Dr. Coyle and entering judgment. Supreme Court Rule 4(2) states that if the plaintiff fails to show reasonable diligence to obtain service, the action as a whole or as to any unserved defendant may be dismissed on the application of any defendant or on the court's own motion. The fact that the plaintiff obtained service strongly supports his contention that he exercised reasonable diligence to obtain service. Hahn v. Wiggins, 23 Ill App2d 391, 163 NE2d 562. The original summons was placed for service on Dr. Coyle shortly after the complaint was filed. Thereafter, three alias summons were placed for service. This defendant was served with the third alias summons. We do not think that the record supports the contention of Dr. Coyle that plaintiff failed to exercise reasonable diligence to obtain service upon him.

That part of the order of December 11, 1964, dismissing the cause with prejudice as to Dr. Joseph Coyle is reversed and the cause is remanded with directions to proceed in a manner not inconsistent with these views.

Order reversed and cause remanded with directions.

BRYANT and LYONS, JJ., concur.