Lucille DeCicco, Plaintiff-Appellee, v. Thomas Reed, d/b/a Town & Country Newspaper Agency, Defendant-Appellant.

Gen. No. 66–45.

Second District.

December 20, 1966.

Diver, Diver, Ridge & Brydges, and F. James Lumber, of Waukegan, for appellant.

Benjamin Sugar, of Chicago, for appellee.

MR. PRESIDING JUSTICE MORAN delivered the opinion of the court.

On May 9, 1962, the plaintiff filed her original complaint against the defendant to recover for personal injuries arising out of an automobile accident. Summons was issued the same day and returned on May 23, 1962, showing service upon the defendant by serving another person "as agent." On June 5, 1962, the defendant filed a special and limited appearance with a motion to quash the summons. No action was taken by either party until September 28, 1965, at which time the plaintiff moved to set the special and limited appearance for hear-

ing. The hearing was had on October 5, 1965, and the trial court granted the motion to quash service of summons and to dismiss the case for want of prosecution. No appeal was taken from that order.

On November 16, 1965, the instant complaint was filed alleging substantially the same cause of action as set forth in the earlier complaint. Summons was issued, returned and the defendant again filed a special and limited appearance contesting the jurisdiction of the trial court.

Supreme Court Rule 4(2) (c 110, § 101.4(2), Ill Rev Stats, (1965)), provides as follows:

> "If the plaintiff fails to show reasonable diligence to obtain service, the action as a whole or as to any unserved defendant may be dismissed on the application of any defendant or on the court's own motion."

The trial court denied defendant's second special and limited appearance and the defendant brings the case to this court raising the narrow issue—is the plaintiff barred from further action because she did not use diligence in obtaining proper service upon the defendant?

The defendant draws our attention to a number of cases which defendant urges us to accept as authority. In one of them, Daly v. City of Chicago, 295 Ill 276, 129 NE 139 (1920), the plaintiff secured the issuance of summons but failed to deliver the summons to the sheriff for more than four years. After that long time an alias summons was issued and served. The court granted a motion to quash the alias summons finding that the plaintiff had not been diligent in obtaining service. In the case at bar, summons was not only issued the same day of the filing of the case, but actually served within a comparatively short time thereafter, thereby apprising the defendant of the existence of the case. This is apparent because the defendant filed a special and limited appearance in the original case.

In Vukovich v. Custer, 415 Ill 290, 112 NE2d 712 (1953), there was some delay in obtaining service of summons but the court held that it did not show a lack of diligence nor was the defendant prejudiced. The court notes at page 293:

". . . a technical and sterile application of the Civil Practice Act would contradict its command of a liberal construction and disregard its emphasis on the substantive rights of the parties."

In Davis v. Anthony, 67 Ill App2d 226, 214 NE2d 603 (1966), the plaintiff made numerous attempts to locate the defendant and after a trial court order of dismissal, the Appellate Court reversed, holding that the plaintiff had indeed used diligence to find and serve the defendant.

In Kohlhaas v. Morse, 36 Ill App2d 158, 183 NE2d 16 (1962), the plaintiff filed an amended complaint and waited for more than one year to obtain an order authorizing the filing of the amended complaint and directing the issuance of summons. The court properly held that this was not a sign of diligence and that the amended complaint should be dismissed and the summons quashed.

It is true that in the case at bar there was a lapse of time between the filing of the first and second complaints. However, the delay did not cause any prejudice to the defendant because he was served with summons in the first case and fully advised about the existence of the lawsuit. This is not a case where the plaintiff fails to obtain service of summons and secretes the complaint in an effort to injure the defendant. In such a case it may well be proper to quash summons and dismiss the case, because in that instance prejudice to a defendant can exist. In our case no prejudice exists and the only question presented is whether or not the plaintiff's failure to call up the motion in the first case promptly should exclude the plaintiff from the courts. While it may be that the burden of having the pending motion set

for hearing was upon the plaintiff, still if the defendant found himself being prejudiced in any manner, he had the same right to have the matter set for hearing as did the plaintiff.

This court has often expressed the view that barring some serious error, controversies should be resolved on their merits after both sides have had their day in court. Hopefully no litigant should be barred from the courtroom because of some legal technicality.

In the recent case of Mieszkowski v. Norville, 61 Ill App2d 289, 209 NE2d 358 (1965), we had occasion to consider the opening of a judgment by default. We adopted a quotation from another case in that opinion at page 295, as follows:

> "We believe the overriding rule that should determine cases of this character, is whether or not justice is being done."

We further noted at pages 297 and 298, that the guiding principle in cases of this kind is that of fundamental fairness, having in mind that litigation should be determined on the merits and only by default as a last resort.

The defendant urges that orders of default are unique and while we should treat defaults liberally, the same rule should not be applied to dismissals. A dismissal is similar to a default except that it applies to the plaintiff rather than the defendant. We see no logical basis for distinguishing between a dismissal or a default in the case at bar.

The defendant also urges that his constitutional rights are being violated, but the constitutional provisions he cites apply to all persons, be they plaintiff or defendant, and in this case the plaintiff has the very same constitutional rights as the defendant.

We, therefore, conclude that the trial judge did not abuse his discretion in denying defendant's motion to dismiss.

Judgment affirmed.

DAVIS and ABRAHAMSON, JJ., concur.