**Ben C. Harvey, Plaintiff-Appellant, v. Orville Lippens, Defendant-Appellee.**

Gen. No. 51,604.

First District, First Division.

October 9, 1967.

Morton & Yellin, of Chicago (Jerrold J. Ezgur and James R. Meltreger, of counsel), for appellant.

Berchem, Schwantes & Thuma, of Chicago (E. Douglas Schwantes and James O. Latturner, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

Plaintiff brought suit to recover damages from defendant for personal injuries. A motion by defendant to dismiss the complaint on the grounds that the plaintiff failed to use reasonable diligence in obtaining service on him was brought under Supreme Court Rule 4(2).* The motion was denied. After the decision of this court in Caliendo v. Public Taxi Service, Inc., 70 Ill App2d 86, 217 NE2d 369, defendant moved for a rehearing on the basis of that opinion. The trial court granted the petition for a rehearing. It entered a new order, finding "that the plaintiff has failed to show reasonable diligence to obtain service on the defendant"; the court vacated its former ruling and ordered the plaintiff's suit dismissed with prejudice. Plaintiff appeals from this order of dismissal. No questions are raised on the pleadings.

Plaintiff contends on appeal that (1) the facts of the instant case distinguish it from the Caliendo decision, thus making the principles enunciated in that case inapplicable to the case at bar; (2) that his failure to obtain service of process upon the defendant at an

---

* The above rule is now Rule 103(b), but has not been changed except for the addition of the phrase "with or without prejudice" after the word "dismissed." Because the record and the briefs refer to it as Rule 4(2), we shall refer to it as such throughout this opinion.

earlier time was excusable in that the defendant was not properly amenable to such service; (3) that even a long delay in service of process cannot result in a dismissal under Rule 4(2), when the plaintiff presents some excuse or justification for the delay; and (4) that the fact that he eventually obtained service of process strongly supports his contention that he exercised reasonable diligence.

The record reveals that an automobile collision occurred between the parties on November 12, 1960. Plaintiff filed his complaint on November 9, 1962, three days before the applicable statute of limitations would have run. A summons was issued in the name of the defendant at 1906 Dayton Street, Chicago, Illinois; the summons was returned "not found" without any additional information as to the whereabouts of the defendant. An alias summons was placed with the sheriff on January 7, 1966, and the defendant was served on January 14, 1966.

When defendant presented his motion he attached certain affidavits to the effect that his name, address, and telephone number had at all times following the accident been listed in the Chicago Telephone Directory; that at the time he moved to his present address in October of 1962 he notified the Post Office of his change of address, and they forwarded all of his mail; that his wife's parents continued to reside at his old address of 1901 Dayton Street after he moved, and could have answered any inquiries as to his new address. All of the occupants of the 1901 Dayton building also stated in supplementary affidavits that after the time of the filing of the suit no one had inquired of them as to the whereabouts of the defendant. Also attached to the motion was an affidavit by the manager of the Directory Library, Illinois Bell Telephone Company, to the effect that the defendant's name and telephone number were listed in the Directory of June, 1962, and his residence was listed as 1901 North Dayton; and that the defendant's name

and telephone number were also listed in all subsequent directories up to and including the Directory of June, 1965, and his residence in these directories was listed as 5346 North Neva. At the hearing the defendant also filed a deposition of a United States Post Office employee, to the effect that the defendant had filed a change-of-address card.

In opposition to the motion to dismiss the plaintiff filed the affidavit of his attorney to the effect that a summons was issued to serve the defendant at the address of 1901 North Dayton, and was returned "not found"; that a search had been undertaken to locate the defendant, and that the search had been unsuccessful; that attempts had been made to locate the defendant by writing letters to the defendant at 1901 North Dayton, and an investigator had been sent to that address; that a certain telephone number "was given" as the telephone number of the defendant, however, upon calling the number, ". . . we were told that this number was not his number, nor did the people at this number have knowledge of the defendant." In a supplemental affidavit the plaintiff's attorney also stated that by consulting the Chicago Street Guide for 1901 North Dayton he obtained a phone number which was listed under the name of the defendant's father-in-law, Mr. Perlick, and that he was told by the person answering the phone "that the defendant did not reside at that address and they had no knowledge whatsoever of the defendant."

██ The trial judge made a finding of fact that the defendant was, at all times during the pendency of the suit, amenable to the service of process. Before the trial judge there were defendant's uncontroverted affidavits to the effect that defendant left a forwarding address when he moved from 1901 North Dayton, which was prior to the initial attempt to serve him with process; that at no time did the defendant leave the city; and

that at all times the defendant was listed in the Chicago Telephone Directory. Plaintiff's statements per affidavit were of a general nature; specific averments of fact as to the nature of the defendant's supposed avoidance of service were lacking. The findings of fact of a trial court will not be disturbed on appeal unless the determination was clearly against the weight of the evidence. Frank v. Hayes, 25 Ill App2d 99, 166 NE2d 283.

Supreme Court Rule 4(2) (Ill Rev Stats, c 110, § 101.4 (2)) provides:

> If the plaintiff fails to show reasonable diligence to obtain service, the action as a whole or as to any unserved defendant may be dismissed on the application of any defendant or on the courts own motion.

In the Caliendo case, a personal injury action, service was not obtained until two and one-half years had passed from the date of the filing of the complaint. The summons delivered to the sheriff contained the correct address, but was incomplete in that it failed to specify the room number in which the defendant could be found. The summons was returned "not found." The defendant moved to dismiss the complaint on the basis of Rule 4(2), and his motion was sustained. This court in affirming the dismissal stressed the fact that the diligence required of a plaintiff in the service of process is to be ascertained in connection with a standard of reasonableness. In the Caliendo case twenty months had elapsed since the running of the applicable statute of limitations, and the court considered this a factor to be taken into consideration by the trial judge in determining reasonableness.

The finding of the judge that the defendant had been amenable to the service of process, at all times subsequent to the filing of the suit, was not manifestly against the weight of the evidence. Indeed it was amply

supported by the evidence. It was within the province of the trial court to draw inferences and conclusions from the evidence introduced, and we will not substitute our judgment for that of the trier of fact.

The evidence introduced at trial clearly sustains the finding that the plaintiff did not use reasonable diligence in the service of process. Plaintiff's affidavits make general references to visits by an investigator to the defendant's address; however, defendant filed four affidavits of the residents in the building occupied by defendant prior to his moving to the address on Neva, and they all stated specifically that they had not been contacted by anyone concerning the whereabouts of the defendant. Plaintiff's affidavits refer to a phone call to the number of defendant's father-in-law; however, the father-in-law states in an affidavit that he talked to no one concerning the new address of his son-in-law. Had plaintiff looked for defendant's name in the phone directory or had he sent a certified letter addressed to the defendant's former place of residence with a return receipt requested, the plaintiff would have been able to ascertain the home address of the defendant. Finally, the record shows that the plaintiff filed his action within three days of the running of the applicable two year statute of limitation, and no alias summons was placed for service for more than three years.

For the above reasons the order of the Circuit Court was proper and warranted and therefore is affirmed.

Affirmed.

MURPHY, P. J. and ADESKO, J., concur.