GEORGE J. ALSOBROOK, Plaintiff-Appellant, *v.* MARGARET M. COTE, Defendant-Appellee.

(No. 54128;

First District—June 2, 1971.

Angelos & Angelos, of Chicago, for appellant.

Francis J. Paulson, of Paulson & Ketchum, of Chicago (Samuel C. Morris, of counsel,) for appellee.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The sole issue presented in this appeal is whether the uncontroverted affidavits submitted by the plaintiff, George Alsobrook, show that he exercised reasonable diligence to obtain service of process upon the defendant, Margaret Cote.

The plaintiff was injured in an automobile accident which occurred on December 19, 1963. He filed this action on December 16, 1965, three days before the statute of limitations was about to run on his cause of action. Summons was taken out directing the Sheriff of Cook County to serve the defendant at 1806 North Mobile, Chicago, Illinois, but this summons was returned "not found." Approximately two and one-half years later, on June 25, 1968, an alias summons was issued directing the Sheriff to serve the defendant at 3510 North Paulina, Chicago. The defendant was served and promptly moved to dismiss the action on the ground that the plaintiff had failed to use due diligence in obtaining service upon her. In the motion she stated that she had no file available concerning the accident and that it would be impossible for her at that time to marshal evidence to present an adequate defense.

Plaintiff, by his attorney, filed an affidavit in opposition to the motion to dismiss on December 15, 1968. Plaintiff's counsel stated therein that he had been diligent in his efforts to serve summons on the defendant and that he had sought to locate her (1) through correspondence with the Secretary of State, Vehicle Registration Division, (2) through correspon-

dence with the County Clerk, Marriage License Division, and (3) by inspection of the Chicago area telephone directories for the years 1966, 1967, and 1968. This affidavit was struck by order of Court, but leave was granted to file other affidavits and/or documents.

On March 17, 1969, the plaintiff filed an amended affidavit, two additional affidavits, and two exhibits. These affidavits and exhibits in combination indicate that the following steps were taken to locate and serve summons upon the defendant:

(1) On December 16, 1965, plaintiff's attorney directed the Sheriff to serve the original summons upon the defendant at her address as indicated in the December, 1963, police accident report; but the summons was returned "not found;"

(2) In March, 1966, a member of the law firm representing the plaintiff visited the address indicated in the police report, found that the defendant's name did not appear on any mailbox, and was advised that she had moved to an unknown address;

(3) On July 1, 1966, a letter was sent to the Secretary of State, Auto Registration Division, concerning the defendant's address and any license plates issued to her, but the Secretary of State had no 1965 or 1966 registration for her car;

(4) On August 1, 1966, a letter was sent to the County Clerk, Marriage License Division, to determine whether the defendant had changed her name by marriage, but the County Clerk had no record of a marriage involving the defendant;

(5) In 1966 through 1968, a law clerk for the firm representing the plaintiff examined the Chicago area telephone directories.

Plaintiff's efforts were fruitless until June, 1968, when the law clerk found the defendant's address in the Chicago telephone directory and an alias summons was served.

The trial judge, after considering the affidavits and exhibits submitted, and after hearing arguments, found that the plaintiff had not made a showing of reasonable diligence, and dismissed the action.

Supreme Court Rule 103 (b) (Ill. Rev. Stat. 1967, ch. 110A, par. 103 (b) ), provides:

> "Dismissal for lack of Diligence. If the plaintiff fails to show reasonable diligence to obtain service, the action as a whole or as to any unserved defendant may be dismissed with or without prejudice on the application of any defendant or on the court's own motion."

■■ The purpose of this rule is to protect defendants from unnecessary delays in the service of process upon them (*Karpiel v. La Salle National*

*Bank of Chicago,* 119 Ill.App.2d 157, 255 N.E.2d 61), and to safeguard against the undermining and circumvention of the statutes of limitation. (*Kohlhaas v. Morse,* 36 Ill.App.2d 158, 183 N.E.2d 16.) The Rule does not set a specific time limitation within which a defendant must be served, but it does put the burden upon the plaintiff to show that he has exercised reasonable diligence to obtain service. *Mosley v. Spears,* 126 Ill.App.2d 35, 261 N.E.2d 510.

There is no fixed rule or absolute standard which can be universally applied to determine whether a plaintiff has exercised reasonable diligence to obtain service; each case, of necessity, must be judged and evaluated on its own peculiar facts and circumstances. Courts, however, in making a determination have looked to a number of factors including: (1) the length of time used to obtain service of process (*Kohlhaas v. Morse,* 36 Ill.App.2d 158, 183 N.E.2d 16); (2) the activities of the plaintiff (*Felton v. Coyle,* 66 Ill.App.2d 4, 214 N.E.2d 359, *Davis v. Anthony,* 67 Ill.App.2d 226, 214 N.E.2d 603); (3) any knowledge on the part of the plaintiff of the defendant's location (*Karpiel v. La Salle National Bank of Chicago,* 119 Ill.App.2d 157, 255 N.E.2d 61, *Mosley v. Spears,* 126 Ill.App.2d 35, 261 N.E.2d 510); (4) the ease with which the defendant's whereabouts could have been ascertained (*Caliendo v. Public Taxi Service, Inc.,* 70 Ill.App.2d 86, 217 N.E.2d 369, *Harvey v. Lippens,* 87 Ill.App.2d 363, 231 N.E.2d 613); (5) the actual knowledge by the defendant of the pendency of the action as the result of ineffective service (*Hahn v. Wiggins,* 23 Ill.App.2d 391, 163 N.E.2d 562, *De Cicco v. Reed,* 77 Ill.App.2d 349, 222 N.E.2d 346); and (6) special circumstances which would affect the efforts made by the plaintiff. *Hahn v. Wiggins,* 23 Ill. App.2d 391, 163 N.E.2d 562.

In the present case, the defendant did not learn about the pendency of the action or receive service of summons until four and one-half years after the occurrence, and until two and one-half years after the statute of limitation would have run had the action not be filed. The plaintiff explains that the delay occurred because he did not know where to find the defendant and he argues that his efforts to locate her evidenced a reasonable diligence on his part to obtain service. We do not agree.

The plaintiff, in directing the Sheriff to serve the original summons, used the address on the police accident report which was two years old. After the summons was returned "not found," a member of the firm representing him visited the address in the police report and ascertained that the defendant did not live at that address. Plaintiff's attorney then wrote two letters and had his law clerk in 1966, 1967, and 1968 look up the defendant's name in the Chicago area telephone directories.

For a period of almost two years, the inspection of four 1967 and four 1968 telephone directories was the only effort made on behalf of the plaintiff to locate the defendant. We must note that there is no indication in the record of where the defendant resided between December, 1963, and June, 1968, and that there is no indication of whether the defendant's address was readily available in the telephone directories or otherwise. We cannot say on the record before us that the plaintiff has shown reasonable diligence to obtain service.

Each of the cases cited and relied upon by the plaintiff contains significant factors which are not present here. In *Hahn v. Wiggins*, 23 Ill. App.2d 391, 163 N.E.2d 562, plaintiff filed a complaint for an accounting in 1953 and had summons served in Florida upon the defendants who were former residents of Chicago. Summons was quashed after the filing of a special appearance by the defendants because the court did not have personal jurisdiction over them. In 1955, plaintiff was informed that the defendants had returned to Chicago, but after an investigation the plaintiff found that the defendants did not reside at the address which he had been given. In 1958, the plaintiff learned of the defendants' address in Elmhurst, Illinois, and an alias summons was issued and served upon them. The trial judge granted a motion to dismiss on the grounds that the plaintiff had not been reasonably diligent in serving the defendants. The Appellate Court reversed because the record presented an adquate explanation for the delay. In contrast to the immediate though ineffective summons served in *Hahn,* the defendant in the present case did not learn about the pendency of the action or receive summons until two and one-half years after the statute of limitations would have run.

In *Davis v. Anthony*, 67 Ill.App.2d 226, 214 N.E.2d 603, a case in which only the appellant filed a brief, the Appellate Court reversed the granting of a motion to dismiss for failure to show reasonable diligence in serving summons. The record there indicated that the plaintiff had exercised reasonable diligence in that on three occasions within two years he had traced the location of the defendant and had attempted to serve him. In *Felton v. Coyle*, 66 Ill.App.2d 4, 214 N.E.2d 359, plaintiff filed an action on April 10, 1963, and service was made on the defendant over two years later on May 9, 1965. The trial judge dismissed the action for failure to exercise reasonable diligence in obtaining service. The Appellate Court reversed, and held that the plaintiff, who had attempted to serve the defendant on four separate occasions, showed reasonable diligence. In both *Davis* and *Felton,* the plaintiffs' activities in seeking to locate the defendants and in attempting to have them served were more extensive

than the single visit long after the action accrued, the letters, and the inspections of telephone books that occurred here.

For the reasons set forth above the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

ADESKO, P. J., and DIERINGER, J., concur.