ANTHONY KUSEK *et al.*, Plaintiffs-Appellants, *v.* NETTA SHAMIE, Defendant-Appellee.

(No. 56943;

First District (4th Division)—April 25, 1973.

Richard S. Gore and Bruce S. Berry, both of Chicago, for appellants.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, (John D. Cassiday and Joseph A. Camarra, of counsel,) for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The plaintiffs, Anthony and Dolores Kusek, appeal from an order entered in the Circuit Court of Cook County dismissing their cause of action pursuant to Supreme Court Rule 103(b) for failure to exercise reasonable diligence in obtaining service on the defendant.

The sole issue presented for review is whether the plaintiffs exercised reasonable diligence in their attempts to obtain service on the defendant.

On July 10, 1967, the vehicle in which the plaintiffs were riding was involved in a head-on collision with another vehicle operated by the defendant, Netta Shamie. At the time of the accident the defendant gave her address as 610 S. Carpenter Street, Oak Park. An investigator representing the plaintiffs obtained a statement from the defendant at the Oak Park address on August 22, 1967. In the statement the defendant asserted her insurance company was representing her in the matter. Thereafter, both the defendant and her insurance company were made aware of the plaintiffs' claim against the defendant arising from the accident.

During the succeeding months the attorney representing the plaintiffs and the defendant's insurance company entered into settlement negotiations which proved futile. On April 18, 1969, the plaintiffs filed a lawsuit against the defendant. At that time a summons was issued to the defendant at 610 S. Carpenter, Oak Park. This summons was returned by the Cook County Sheriff's Department marked not found. Thereafter, on July 16, 1969, an alias summons was issued to the defendant at 2838 N. California, Chicago, the address to which the defendant had allegedly

moved. This summons was likewise returned not found but with the notation that the defendant had moved to Trailer H3, 9515 Bryn Mawr, Rosemont, Illinois. Another alias summons was directed to the defendant at that address on August 27, 1969, only to be returned on September 26, 1969, marked not found.

In addition to their efforts to serve the defendant at the three aforementioned locations, the attorneys for the plaintiffs employed Gunther Polak, a private investigator and skip tracer, to locate the defendant. Prior to March, 1971, Mr. Polak, employing the normal methods used by a professional investigator in attempting to locate a party, found five separate addresses where the defendant had at one time, but no longer, resided. Furthermore, at each address where the defendant had resided, Mr. Polak inquired of the present residents and any other people in the area as to their knowledge of where the defendant might have moved. These inquiries were to no avail. This fact was related to the plaintiffs' attorneys in the form of four reports Mr. Polak sent from September 26, 1969, to March 9, 1971.

On March 5, 1971, the plaintiffs' case was dismissed for want of prosecution. This dismissal, however, was vacated on April 1, 1971, because in late March, 1971, the defendant, who had been divorced and remarried and had changed her name to Netta Shamie Okrglsik, was finally found living at 1821—75th Street Elmwood Park, Illinois. On April 1, 1971, a third alias summons was issued, a copy of which was served on a member of the defendant's household on April 10, 1971.

The defendant filed an appearance on May 10, 1971, together with a motion to dismiss the plaintiffs' cause of action pursuant to Supreme Court Rule 103(b) for failure to exercise reasonable diligence in obtaining service on the defendant. The trial court granted the defendant's motion and dismissed the plaintiffs' cause of action, from which the plaintiffs herein appeal.

The plaintiffs contend their continued attempts to obtain service on the defendant, the use of a professional investigator and skip tracer in attempting to locate the defendant, and the eventual service on the defendant, who was divorced and remarried with a new name, constitute reasonable diligence and, therefore, the trial court improprly applied Supreme Court Rule 103(b) in dismissing their cause of action. In support of their contention, the plaintiffs rely on the language in *Alsobrook v. Cote* (1971), 133 Ill.App.2d 261, 273 N.E.2d 270, wherein the court stated:

> "There is no fixed rule or absolute standard which can be universally applied to determine whether a plaintiff has exercised reasonable diligence to obtain service; each case, of necessity, must be

judged and evaluated on its own peculiar facts and circumstances. Courts, however, in making a determination have looked to a number of factors including: (1) the length of time used to obtain service of process, *Kohlhaas v. Morse*, 36 Ill.App.2d 158, 183 N.E.2d 16; (2) the activities of the plaintiff, *Felton v. Coyle*, 66 Ill.App.2d 4, 214 N.E.2d 359; *Davis v. Anthony*, 67 Ill.App.2d 226, 214 N.E.2d 603; (3) any knowledge on the part of the plaintiff of the defendant's location, *Karp'el v. LaSalle National Bank of Chicago*, 119 Ill.App.2d 157, 255 N.E.2d 61; *Mosley v. Spears*, 126 Ill.App.2d 35, 261 N.E.2d 510; (4) the ease with which the defendant's whereabouts could have been ascertained, *Caliendo v. Public Taxi Service, Inc.*, 70 Ill.App.2d 86, 217 N.E.2d 369; *Harvey v. Lippens*, 87 Ill.App.2d 363, 231 N.E.2d 613; (5) the actual knowledge by the defendant of the pendency of the action as a result of the ineffective service, *Hahn v. Wiggins*, 23 Ill.App.2d 391, 163 N.E.2d 562; *DeCicco v. Reed*, 77 Ill.App.2d 349, 222 N.E.2d 346; and (6) special circumstances which would affect the efforts made by the plaintiff, *Hahn v. Wiggins*, 23 Ill.App.2d 391, 163 N.E.2d 562."

■■■ A thorough review of the record, applying the factors set forth in *Alsobrook v. Cote, supra*, reflects the plaintiffs' contention that the trial court improperly dismissed their cause of action is well taken. Although the length of time required to obtain service of process on the defendant was approximately two years, the affidavits of both the plaintiffs' investigator and counsel reflect a continuing effort on the plaintiffs' part to obtain service throughout the period. Furthermore, whenever the plaintiffs gained any knowledge of the defendant's location, service in the form of an alias summons was attempted at such location. Finally, we recognize the fact that the defendant had been divorced and remarried, taking a new name, to be a special circumstance which affected the efforts of the plaintiffs to gain service. This is best reflected in the fact that when the plaintiffs gained knowledge of the defendant's new name, service not only issued soon thereafter but also was effected.

For these reasons we reverse the findings of the trial court and remand this case with directions to vacate the dismissal of the plaintiffs' cause of action and reinstate such cause of action on the trial call.

The judgment of the Circuit Court of Cook County is reversed and remanded with directions.

Reversed and remanded with directions.

BURMAN, P. J., and ADESKO, J., concur.