ROBERT Q. LEE, Plaintiff-Appellee, *v.* RONALD J. DECKER, Defendant-Appellant.

(No. 58100; )

First District (5th Division)—January 11, 1974.

Dalton P. Grief, of Chicago (Ellis B. Rosenzweig, of counsel), for appellant.

Delars J. Bracy, of Chicago, for appellee.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

In an action arising out of an automobile accident plaintiff was awarded $3500 in damages by the trial court. On appeal defendant, relying on Supreme Court Rule 103(b) (Ill. Rev. Stat. 1971, ch. 110A, par. 103(b)), contends that the failure of plaintiff to exercise reasonable diligence in obtaining service of process requires us to reverse this judgment.

Suit was filed on July 23, 1969, alleging a motor vehicle collision on a Chicago expressway on July 24, 1967. Summons was placed for service listing defendant's address as 14305 Avalon, Chicago, Illinois. On July 31, 1969, the Cook County Sheriff's office returned the summons as "not found." A line had been drawn through the word "Chicago" in the address and the word "Dolton" * was handwritten beside it. The sheriff's office also attached a slip which bore the comment "no one home and no answer." At the time of the accident defendant resided at 14305 Avalon in Dolton. The record indicates that through at least June 1972 defendant had no other address. A police report of the accident showed defendant's residence as 14305 Avalon, Dolton, and his driver's license also listed him at the Dolton address. The only alias summons issued was dated January 27, 1971. A copy of the original summons was used with the word "Chicago" crossed out and "Dolton" written next to it. The street address was listed as 14305 Avalon. The return date of December 2, 1970, was crossed out and February 18, 1971, written over it. This summons was served on defendant's daughter on January 29, 1971. Previously the suit had been dismissed for want of prosecution; however, it was reinstated on plaintiff's *ex parte* motion. A motion to "quash summons for failure to exercise due diligence in service of same" was filed on March 8, 1971. This motion was denied and the suit proceeded to trial. At that time defendant moved for dismissal of the complaint for "lack of diligence" pursuant to Rule 103(b). His affidavit in support of this motion stated that at all times pertinent to this action he resided at 14305 Avalon, Dolton, Illinois. This motion too was denied, the trial judge apparently believing it to be a renewal of the one submitted and denied earlier. The court entered judgment on behalf of plaintiff and awarded him damages in the amount of $3500.

---

* Dolton is a suburb of Chicago located on the city's southern boundary.

Prior to the filing of suit, counsel for plaintiff forwarded a notice of an attorney's lien to defendant at the address, 14305 Avalon, Chicago, Illinois. On February 11, 1969, defendant's attorney acknowledged the lien and requested that "all items of special damages" be forwarded to him. Within six weeks plaintiff complied with this request. These attempts to initiate settlement negotiations, however, bore no fruit.

OPINION

It is defendant's sole contention on appeal that Supreme Court Rule 103(b) requires the action brought against him be dismissed. We agree. The rule states:

> "If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion."

To be protected by the prescriptions of this rule, defendant need not show that he was prejudiced by the complained of delay in service of process. Rather, it is incumbent upon plaintiff to demonstrate that he obtained prompt service. (*Mosley v. Spears,* 126 Ill.App.2d 35, 261 N.E.2d 510; *Karpiel v. La Salle National Bank,* 119 Ill.App.2d 157, 255 N.E.2d 61.) In *Alsobrook v. Cote,* 133 Ill.App.2d 261, 264, 273 N.E.2d 270, we held that:

> "There is no fixed rule or absolute standard which can be universally applied to determine whether a plaintiff has exercised reasonable diligence to obtain service; each case, of necessity, must be judged and evaluated on its own peculiar facts and circumstances. Courts, however, in making a determination have looked to a number of factors including: (1) the length of time used to obtain service of process (*Kohlhaas v. Morse,* 36 Ill.App.2d 158, 183 N.E.2d 16); (2) the activities of the plaintiff (*Felton v. Coyle,* 66 Ill.App.2d 4, 214 N.E.2d 359, *Davis v. Anthony,* 67 Ill.App.2d 226, 214 N.E.2d 603); (3) any knowledge on the part of the plaintiff of the defendant's location (*Karpiel v. La Salle National Bank of Chicago,* 119 Ill.App.2d 157, 255 N.E.2d 61, *Mosley v. Spears,* 126 Ill.App.2d 35, 261 N.E.2d 510); (4) the ease with which the defendant's whereabouts could have been ascertained (*Caliendo v. Public Taxi Service, Inc.,* 70 Ill.App.2d 86, 217 N.E.2d 369, *Harvey v. Lippens,* 87 Ill.App.2d 363, 231 N.E.2d

613); (5) the actual knowledge by the defendant of the pendency of the action as the result of ineffective service (*Hahn v. Wiggins,* 23 Ill.App.2d 391, 163 N.E.2d 562, *De Cicco v. Reed,* 77 Ill.App.2d 349, 222 N.E.2d 346); and (6) special circumstances which would affect the efforts made by the plaintiff. *Hahn v. Wiggins,* 23 Ill.App.2d 391, 163 N.E.2d 562."

In addition, the date on which a plaintiff files his complaint must be considered for, as has been noted in *Mosley,* "* * * a plaintiff might file a complaint near the end of the statutory time limit, and then delay service of summons for an indefinite period, thereby virtually nullifying the time limit as any protection to a defendant against stale claims." See also *Kohlhaas v. Morse,* 36 Ill.App.2d 158, 183 N.E.2d 16; *Department of Mental Health v. Kendall,* 15 Ill.App.3d 88.

■■ In the case at bar plaintiff filed suit on the last day before the statute of limitations ran. Over 42 months elapsed from the date of the accident until defendant was served with process. During this entire period defendant maintained his residence at 14305 Avalon in Dolton. It was at this address that he was listed in the telephone directory and on his driver's license. The police accident report showed defendant as living at the Dolton address, and the summons returned as unserved in August 1969 indicated his residence as being there as well. Although plaintiff argues that his attempts to settle the case relieve him of his obligation to meet the prompt service requirements of Rule 103(b), such acts will not suffice. In the absence of any allegation that plaintiff was induced by these negotiations or by a promise of settlement from securing prompt service, actual knowledge of the suit is no more than a single factor in determining whether reasonable diligence was exercised. (See *Karpiel; Sullivan v. Nissen Trampoline Co.,* 82 Ill.App.2d 1, 226 N.E.2d 649.) In view of the instant facts we find no circumstances which would have prevented plaintiff from effecting service on defendant at an earlier date.

Finally, plaintiff has asserted that defendant's appeal is not properly before us. He contends that defendant's motion to dismiss the complaint for lack of diligence was merely a renewal of his earlier motion to quash summons and, as such, required leave of the trial court before it could be filed. We find, however, that these were two distinct motions requesting different forms of relief. The denial of defendant's motion to dismiss constitutes an appealable order and consequently is properly before us. We, therefore, find no procedural bar to reaching the merits of defendant's claim.

We reverse the order and judgment entered below and remand the cause with directions to dismiss with prejudice.

Reversed and remanded with directions.

SULLIVAN, P. J., and LORENZ, J., concur.