HENRY MARTIN, Plaintiff-Appellant, *v.* JORGE LOZADA, Defendant-Appellee.

(No. 58562;

First District (4th Division)—September 25, 1974.

Kiriakos Kanellos, of Chicago, for appellant.

Irving Goodman and William L. Silverman, both of Chicago, for appellees.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

On November 6, 1970, 1 day prior to the expiration of the applicable statute of limitations, Henry Martin filed a complaint in the Circuit Court of Cook County seeking damages for personal injuries which he said were sustained when he was struck by a motor vehicle driven by the defendant, Jorge Lozada. This complaint was ultimately dismissed with prejudice pursuant to Supreme Court Rule 103(b) (Ill. Rev. Stat. 1971, ch. 110A, par. 103(b)) on May 23, 1972. Plaintiff appeals this order contending that he had not failed to exercise reasonable diligence to obtain service and therefore that the dismissal with prejudice was error. The facts of this case are as follows:

Following the filing of the complaint on November 6, 1970, a summons was issued and placed for service with the sheriff of Cook County. The address listed on the summons was 947 West Cullom, Chicago, Illinois. This summons was returned on December 7, 1970, with the notation "not found." Though this notation indicates that service was not

obtained on the defendant, plaintiff admits in his brief that the sheriff's return was not examined at this time. On February 17, 1971, plaintiff's attorney stated that he received a telephone call from a Sidney L. Pollack. Mr. Pollack said that he represented the defendant. After a brief conversation Mr. Pollack promised to send copies of defendant's income tax returns to plaintiff's attorney to establish his present financial condition. These returns were never received by plaintiff's attorney and no further conversation ever took place with Mr. Pollack, nor was any other action taken in regard to this matter until the case. came up on the "No Progress" call in the circuit court and was dismissed for want of prosecution on December 7, 1971. At this point plaintiff's counsel examined the "case file" for the first time and discovered that the defendant had not been served. A letter was sent to the Secretary of State requesting defendant's address. The building on Cullom was checked and defendant's name was found to be listed there.

On January 26, 1972, the circuit court granted plaintiff's motion to vacate its order of dismissal, following which an alias summons was served on defendant at 947 West Cullom, Chicago, Illinois. Defendant filed a special, limited appearance and asked that the complaint be dismissed pursuant to Supreme Court Rule 103(b). Defendant and his brother stated that they had lived at 947 West Cullom, Chicago, Illinois, for the past 5 and 6 years respectively, that their names had been posted on the doorbells at that address during that time, and that defendant had been amenable to service at that address during this period. Plaintiff's attorney then filed an affidavit in which the conversation with Mr. Pollack was related. On May 23, 1972, defendant's motion was granted, the action being dismissed with prejudice pursuant to Illinois Supreme Court Rule 103(b). This rule provides as follows:

> "(b) Dismissal for Lack of Diligence. If the plaintiff fails to exercise reasonable diligence to. obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion." Ill. Rev. Stat. 1971, ch. 110A, par. 103(b).

■■■ Plaintiff's argument in the instant appeal begins with a misconception regarding the respective burden imposed on each side in proceedings under Rule 103(b). We are urged to reverse the order of the trial court since defendant had "* * * failed to make out any case

of lack of diligence on the part of plaintiff in obtaining service of summons on the defendant." The burden of demonstrating reasonable diligence to obtain service rests not with defendant, once he has made his *prima facie* showing, but with the plaintiff. As we stated in *Alsobrook v. Cote*, 133 Ill.App.2d 261, 264, 273 N.E.2d 270:

> "The Rule [Illinois Supreme Court Rule 103(b)] does not set a specific time limitation within which a defendant must be served, but it does put the burden upon the plaintiff to show that he has exercised reasonable diligence to obtain service. *Mosley v. Spears*, 126 Ill.App.2d 35, 261 N.E.2d 510."

We further note that a motion to dismiss for lack of reasonable diligence to obtain service under Rule 103(b) is addressed to the "sound discretion of the trial court. A reviewing court may upset the trial court's ruling on the motion where there is an abuse of discretion." *Galvan v. Morales*, 9 Ill.App.3d 255, 257, 292 N.E.2d 36. See also *Mosley*, cited above, and *Karpeil v. LaSalle National Bank*, 119 Ill.App.2d 157, 255 N.E.2d 61.

We are of the opinion that in the instant case plaintiff did not exercise reasonable diligence to obtain service of summons on the defendant and that the trial court did not abuse its discretion in dismissing the action with prejudice. The summons was returned to plaintiff's attorney, with the notation that would have shown at once that service had not been obtained on defendant on December 7, 1970. It is undisputed in the record before us that this return was not examined at this time. After more than 2 months passed the telephone conversation with Mr. Pollack, related above, took place. The promised copies of the tax returns were never sent to plaintiff's attorney. The record does not show any further conversation with Mr. Pollack or that any attempt to contact him was made, though almost 10 months passed before the case was dismissed for want of prosecution. The return was then examined for the first time and the fact that service had not been obtained upon defendant discovered. It was hardly an abuse of discretion for the trial court to rule that this sequence of events did not demonstrate a reasonable exercise of diligence on the part of plaintiff to obtain service.

Plaintiff does not dispute that these events took place, but submits that as a result of the telephone conversation that plaintiff's attorney states he had with Mr. Pollack, he was "deluded" into believing that defendant had been served and "[t]herefore the Sheriff's return was not examined." It is argued that this telephone conversation proved that defendant had actual knowledge of the complaint filed and that the dismissal under Rule 103(b) was not proper. We disagree.

■■ Plaintiff's argument rests primarily for support on *Alsobrook v.*

*Cote,* cited above, when raising the question of defendant's actual knowledge of the complaint filed. This knowledge is, however, merely one factor out of many which this court may consider.

"There is no fixed rule or absolute standard which can be universally applied to determine whether a plaintiff has exercised reasonable diligence to obtain service; each case, of necessity, must be judged and evaluated on its own peculiar facts and circumstances. Courts, however, in making a determination have looked to a number of factors including: (1) the length of time used to obtain service of process (*Kohlaas v. Morse,* 36 Ill.App.2d 158, 183 N.E.2d 16); (2) the activities of the plaintiff (*Felton v. Coyle,* 66 Ill.App.2d 4, 214 N.E.2d 359, *Davis v. Anthony,* 67 Ill. App.2d 226, 214 N.E.2d 603); (3) any knowledge on the part of the plaintiff of the defendant's location (*Karpiel v. LaSalle National Bank of Chicago,* 119 Ill.App.2d 157 255 N.E.2d 61, *Mosley v. Spears,* 126 Ill.App.2d 35, 261 N.E.2d 510); (4) the ease with which the defendant's whereabouts could have been ascertained (*Caliendo v. Public Taxi Service, Inc.,* 70 Ill.App.2d 86, 217 N.E.2d 369, *Harvey v. Lippens,* 87 Ill.App.2d 363, 231 N.E.2d 613); (5) the actual knowledge by the defendant of the pendency of the action as the result of ineffective service (*Hahn v. Wiggins,* 23 Ill.App.2d 392, 163 N.E.2d 562, *De Cicco v. Reed,* 77 Ill.App.2d 349, 222 N.E.2d 346); and (6) special circumstances which would affect the efforts made by the plaintiff. *Hahn v. Wiggins,* 23 Ill.App.2d 391, 163 N.E.2d 562." (133 Ill.App.2d 261, 264.)

Considering the peculiar facts and circumstances of the instant case, in light of the factors discussed above, it is quite clear that plaintiff did not exercise reasonable diligence to obtain service. There is nothing in the record presented to this court to dispute that defendant was at all times amenable to service at the address listed on the original summons by plaintiff. When the alias summons was issued, defendant was easily located and served at this same address. Plaintiff appears to have made no actual effort to obtain service on defendant during this period, or even to determine if in fact defendant had been served with summons initially. The trial court, therefore, committed no error in dismissing this action.

Even if we were to accept that plaintiff's failure to exercise reasonable diligence could have been excused by the telephone call from Mr. Pollack, plaintiff further has failed to meet his burden of proof on this issue before the trial court. The only proof offered to the trial court was the affidavit of plaintiff's counsel that he had received a telephone call

on a certain date from a man that claimed to represent defendant. Plaintiff submits that on the basis of this affidavit alone he had proven actual knowledge of the complaint on the part of the defendant and that this call was a positive act to delude plaintiff into believing that service had been made so as to prevent any further action to obtain service. We do not agree with this argument.

■■ In *Alsobrook v. Cote*, we noted that actual knowledge by defendant of the pendency of the action as a result of ineffective service would be one factor considered in determining whether plaintiff had exercised reasonable diligence to obtain service. In that case, we cited two examples of such ineffective service; where the attorney was served instead of the client and the knowledge of this service imputed to the client (*Hahn v. Wiggins*), and where a relative of defendant was improperly served as defendant's "agent." (*De Cicco v. Reed.*) In the instant case, we are faced not with ineffective service, but rather a sheriff's return that shows no service at all. There was no showing made by plaintiff that defendant in fact had actual knowledge of the action resulting from this attempt to serve him. Further, no showing was made that Sidney Pollack actually represented defendant so that knowledge of the action could then be imputed to defendant. Defendant states that the first knowledge he had of the action was when the alias summons was served. Absent proof to the contrary presented by plaintiff, this statement must be accepted. The affidavit of plaintiff's counsel, standing alone, is insufficient to satisfy the burden of proof required.

For the foregoing reasons, the order of the Circuit Court of Cook County, dismissing this cause of action with prejudice is hereby affirmed.

Judgment affirmed.

DIERINGER and JOHNSON, JJ., concur.