CRAIG H. GREENWOOD, Plaintiff-Appellant, *v.* MARK S. BLONDELL, Defendant-Appellee.

First District (4th Division)   No. 79-1994

Opinion filed June 5, 1980.

Craig H. Greenwood, of Bloomington, *pro se*, and Clifford A. Harstad, of Riverside, for appellant.

James J. Des Veaux, of Chicago, for appellee.

Mr. JUSTICE ROMITI delivered the opinion of the court:

Plaintiff, Craig Greenwood, appeals from an order entered in the circuit court of Cook County dismissing his cause of action with prejudice under Supreme Court Rule 103(b) (Ill. Rev. Stat. 1977, ch. 110A, par. 103(b)), for failure to exercise reasonable diligence in obtaining service on defendant, Mark Blondell.

The sole issue on appeal is whether the trial court abused its discretion. We find no such abuse and consequently affirm.

The parties were involved in an automobile accident on November 5, 1974, in Maywood, Illinois. Plaintiff brought this action for damages arising from the accident on November 3, 1976. That same day a summons was issued to the defendant at 5959 West Rice, Chicago, Illinois, and also at 610 North Wolf Road, Hillside, Illinois. The summons was returned marked "Not Found" with notations indicating that defendant had moved from the Chicago address and at the Hillside address an outside locked door prevented the process server from getting in. No alias summons was issued until November 30, 1977. That summons was returned with the notation that defendant had moved one month before. In June 1978 plaintiff commenced service through the Secretary of State, obtaining service in July 1978. However on September 11, 1978, defendant obtained an order quashing that service by presenting an affidavit stating that he had been a resident of Illinois continuously since prior to November 5, 1974. He further stated tht he had resided at the Hillside address until on or about August 1, 1977, when he moved to an address in Melrose Park, Illinois, where he had resided until the time of

the affidavit. Defendant was served with an alias summons at that address on November 19, 1978. In December 1978 defendant moved to dismiss under Rule 103(b), and the action was dismissed with prejudice on August 16, 1979.

Affidavits introduced by plaintiff in opposition to defendant's motion stated that in the spring of 1977 plaintiff hired an investigator from Champaign to locate defendant. That investigator went once to the Hillside address which was in a large apartment complex. He was unable to find defendant's name on the doorbell listings, although some names were missing. Nor could he find defendant's car in the area. In the late summer of 1977 he gave plaintiff a verbal report indicating that defendant might still be at that address. Then in November 1977, according to plaintiff's affidavit, plaintiff received a telephone call from the attorney who subsequently represented defendant in the trial court and on appeal to this court. When plaintiff returned the call he spoke with the attorney and learned that he represented the defendant. Plaintiff requested defendant's address from the attorney but no address was disclosed. In the spring of 1978 plaintiff again met with his investigator but they were unable to determine any methods of locating the defendant.

■■ ■ Supreme Court Rule 103(b) (Ill. Rev. Stat. 1977, ch. 110A, par. 103(b)) states:

> "If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion."

The rule is intended to protect defendants from unnecessary delays in the service of process as well as to safeguard against the undermining and circumvention of statutes of limitation. (*Wallace v. Smith* (1979), 75 Ill. App. 3d 739, 394 N.E.2d 665; *Alsobrook v. Cote* (1971), 133 Ill. App. 2d 261, 273 N.E.2d 270.) The burden is on the plaintiff to show that he has exercised reasonable diligence to obtain service; the defendant need not establish that he has been prejudiced by the delay. (*Piscitello v. Barton* (1978), 66 Ill. App. 3d 451, 384 N.E.2d 47; *Lee v. Decker* (1974), 17 Ill. App. 3d 93, 307 N.E.2d 773.) Each case necessarily must be decided on its own facts and there is no fixed guideline capable of universal application. However six factors have commonly been utilized in evaluating dismissals under this provision: (1) the amount of time taken to obtain service; (2) the efforts of the plaintiff; (3) plaintiff's knowledge of the defendant's location; (4) the ease with which defendant's location could

have been determined; (5) actual knowledge by the defendant of the pendency of the action; and (6) special circumstances affecting plaintiff's efforts. (*Daily v. Hartley* (1979), 77 Ill. App. 3d 697, 396 N.E.2d 586; *Faust v. Michael Reese Hospital & Medical Center* (1978), 61 Ill. App. 3d 233, 377 N.E.2d 1040; *Alsobrook v. Cote* (1971), 133 Ill. App. 2d 261, 273 N.E.2d 270.) The motion is addressed to the sound discretion of the trial court and that court's determination will not be disturbed on appeal absent a showing of an abuse of discretion. *Montero v. University of Illinois Hospital* (1978), 57 Ill. App. 3d 206, 372 N.E.2d 1010; *Martin v. Lozada* (1974), 23 Ill. App. 3d 8, 318 N.E.2d 334.

■■■ Plaintiff relies on the case of *Kusek v. Shamie* (1973), 11 Ill. App. 3d 722, 298 N.E.2d 343, in which this court found that the trial court had improperly dismissed a cause of action under Rule 103(b). In *Kusek* a suit arising out of an automobile collision was brought about 21 months after the occurrence and service was not obtained for about two more years; during that period the plaintiffs had utilized the services of a private investigator to locate the defendant. But in *Kusek* the defendant had a total of six different addresses in the time period at issue. The investigator repeatedly traced her to the new addresses only to find she had again moved. In the meantime the defendant had been divorced, remarried and changed her name. Under these special circumstances we found that the plaintiffs had been diligent in obtaining service of process. In this cause the defendant remained at one address for 20 months after the occurrence, and then moved just once. Plaintiff apparently possessed defendant's original address from the time of that occurrence. When the original summons was returned "not found" it also bore a notation indicating the process server simply had difficulty getting into the address. Yet plaintiff waited a full year before attempting to have an alias summons served. During that period plaintiff hired a Champaign investigator who made only one visit to the defendant's address in the spring of 1977 and then reported in the summer of that year that the defendant might still be there. There was no attempt to utilize information from the Post Office or the Secretary of State's automobile records. Plaintiff notes that defendant was apparently aware of the action by November 1977 because his attorney contacted plaintiff. But even assuming that this was sufficient to establish actual knowledge by the defendant this is only one factor to be considered. Such knowledge does not prevent the lawful exercise of the trial court's discretion to dismiss the action when it finds based upon all the circumstances that there was a lack of reasonable diligence. (*Faust v. Michael Reese Hospital & Medical Center* (1978), 61 Ill. App. 3d 233, 377 N.E.2d 1040; *Karpiel v. LaSalle National Bank* (1970), 119 Ill. App. 2d 157, 255 N.E.2d 61.) The attorney's telephone call to plaintiff came a full year after the suit was brought.

Under all the circumstances we have outlined we find no abuse of discretion in the trial court's determination to dismiss this cause of action for lack of reasonable diligence in obtaining service of process.

The judgment of the trial court is affirmed.

Affirmed.

JOHNSON and JIGANTI, JJ., concur.