RICHARD N. TORRENCE, Plaintiff-Appellant, *v.* JAMES M. DeFRATES *et al.*,
Defendants-Appellees.

Fourth District   No. 14531

Opinion filed January 13, 1978.

Londigan & Potter, P.C., of Springfield (Thomas F. Londrigan and Alexandra de Saint Phalle, of counsel), for appellant.

Roberts and Kepner, of Springfield (Francis J. Giganti, of counsel), for appellees.

Mr. JUSTICE WEBBER delivered the opinion of the court:

This appeal comes to us from the allowance of a motion for summary judgment in favor of the defendant Springfield Produce, Inc., by the circuit court of Sangamon County.

Plaintiff was injured when he was struck by an automobile owned and operated by defendant DeFrates. The accident occurred on the parking lot belonging to defendant Springfield Produce. DeFrates was an employee of Springfield Produce. The question presented is a narrow one: Was DeFrates within the scope of his employment at the time of the accident so that Springfield Produce is answerable on a theory of *respondeat superior?* We agree with the circuit court and answer in the negative.

Originally, only DeFrates was sued. That suit was settled. Later, by

permission of court, Springfield Produce was added as a party-defendant. This was done after interrogatories were answered and the discovery deposition of DeFrates had been taken. The motion for summary judgment was supported by the entire deposition of DeFrates and by excerpts from the depositions of certain officers and employees of Springfield Produce.

Some recitation of the facts is necessary to an understanding of our decision. DeFrates had worked in the produce business in Springfield for some 25 years. Upon reaching retirement age, he was employed by Springfield Produce to chop up lettuce for salads; the chopped lettuce was sold to restaurants in the Springfield area. DeFrates was paid a flat sum of $200 per month—the maximum amount he was permitted to earn without reduction of his Social Security benefits. His hours were indefinite; he reported to work on his own schedule and when he had chopped enough lettuce to fill the day's orders, his workday was complete and he was at liberty to depart. Such work days varied from 2 to 4 hours; he had been thus employed by Springfield Produce for about 18 months prior to the accident.

On the day of the accident DeFrates reported as usual, completed chopping the lettuce, and then departed the premises to take his car to a nearby auto supply store in order to have snow tires removed. The auto supply store was unable to accomodate him immediately and there was no parking space near that store, so he returned to Springfield Produce, parked in its parking lot and entered the retail part of its store. The lettuce-chopping operation was conducted in the basement.

After about 30 minutes, DeFrates again left Springfield Produce's building, entered his automobile on the parking lot and was about to return to the auto store when the accident occurred.

Neither DeFrates nor any other employee of Springfield Produce had an assigned space in the parking lot. The lot was used by both employees and customers who parked in any available spot.

Up to this point the parties have no serious differences over the facts. They do diverge in their arguments over the presence of DeFrates in the retail store and over some other incidental actions in connection with his employment.

Plaintiff's chief argument is that, on his return to the retail store, DeFrates resumed his employment and hence Springfield Produce is liable for the injuries. Springfield Produce claims retailing was no part of DeFrates' responsibility, at most he was a volunteer, and, in any event, whatever relationship existed ceased upon his leaving the retail store.

The depositions of the Springfield Produce personnel are in substantial agreement that DeFrates had no regular duties in the retail store. In response to a question as to whether he did have such duties, the manager

replied, "No, not really." Elsewhere in his deposition he testified further that DeFrates would work in the retail store, "very, very little," and only when he, the manager, and other personnel assigned to the retail store were occupied on the telephone or in the warehouse. One of the other employees testified concerning DeFrates, "The only thing he did was chop up lettuce, and when he was done he was done."

The evidence from the depositions is likewise clear that DeFrates had no regular duties which required him to leave the premises. Two isolated instances were called up—once, wherein DeFrates made a delivery to Clinton, Illinois, and another wherein he picked up some plastic bags from a supplier in Springfield. In neither case was he compensated; for the Clinton delivery he was permitted to fill his car with gasoline and charge it to the company.

■■  The rule governing summary judgment is well-known and needs no further exposition here. Section 57(3) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 57(3)), provides that summary judgment should be entered "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law." There is a genuine issue if, even though the facts are undisputed, fair-minded persons could draw different inferences from them. *Ruby v. Wayman* (1968), 99 Ill. App. 2d 146, 240 N.E.2d 699.

The facts in the instant case show clearly that DeFrates had completed his assigned duties and had left the premises on a personal errand. His return to the premises of Springfield Produce was purely fortuitous and not for the purpose of work. In his deposition he himself testified, "* * * So I come back to Springfield Produce and parked there and I was going to wait a half hour and that's it."

We have been cited a variety of cases on scope of employment, but none is really helpful. As we had occasion to point out in the recent opinion of *Sharp, Administrator v. CILCO* (1978), 55 Ill. App. 3d 1033, 371 N.E.2d 684, the facts and circumstances of each individual case will control and prior authority is of limited assistance. Scope of authority is nearly always a question of fact for the fact-finder, but cases like the instant one can arise from time to time "where reasonable men could not come to a conclusion from the evidence that a servant was acting within the scope of his employment, [and] it is the duty of the court to hold that as a matter of law, he was not so acting." *Boehmer v. Norton* (1946), 328 Ill. App. 17, 24, 65 N.E.2d 212.

If any key concept can be found as a common thread throughout the decided cases, it is "deviation." The servant commences his duties, deviates from them in the course of which the injury occurs, and then returns to them for completion.

In *Boehmer*, the employee was directed to place the employer's automobile in the garage. The court said, "The undisputed evidence * * * establishes that he *deviated* * * *." (Emphasis added.) 328 Ill. App. 17, 24, 65 N.E.2d 212.

In *Parotto v. Standard Paving Co.* (1952), 345 Ill. App. 486, 104 N.E.2d 102, the employee obtained a truck from the employer's garage, went about his duties, stopped off for some alcoholic beverages and while returning to the garage became involved in the accident. In ruling the court used this language, "We conclude, therefore, that the *deviation* from the terms of employment * * *." (Emphasis added.) 345 Ill. App. 486, 494, 104 N.E.2d 102, 105.

*Sloma v. Pfluger* (1970), 125 Ill. App. 2d 347, 261 N.E.2d 323, was another case of a driver detouring for a drink. The court said, "It is equally true, however, that such a *deviation* from his duties * * *." (Emphasis added.) 125 Ill. App. 2d 347, 356, 261 N.E.2d 323, 327.

■■ In our view the evidence admits of only one conclusion: that DeFrates had completed his duties when he left the premises the first time and whatever he did afterwards could not in law constitute a deviation from them. The only purpose of his return to Springfield Produce was to find a comfortable place to loiter while awaiting service at the auto store.

Plaintiff points to workmen's compensation cases wherein ordinary travel to and from work is not considered to be within the scope of employment. However, he claims the rule is different when the accident occurs on the employer's premises. (*Schafer v. Industrial Com.* (1931), 343 Ill. 573, 175 N.E. 789.) In *Schafer*, the accident occurred when the employee was using the sole access road to his place of work. In the case at bar nothing required DeFrates to park on Springfield Produce's lot, even for his regular duties, much less for the purpose of passing time.

*Parotto* indicated that the rule was much broader in the case of third-party accidents, but even the *Parotto* court admitted that such a conclusion defied logic. However, since we have already determined that the employment relationship terminated with the first departure, we need not address ourselves as to what effect, if any, the situs of the accident may have.

The judgment of the circuit court of Sangamon County was correct and it is affirmed.

Affirmed.

GREEN, P. J., and REARDON, J., concur.