INTERLAKE, INC., Plaintiff and Counterdefendant-Appellee, *v.* HARRIS TRUST AND SAVINGS BANK, Trustee, Defendant and Counterplaintiff-Appellant.

First District (2nd Division)   No. 77-49

Opinion filed February 14, 1978.—Rehearing denied March 28, 1978.

Samuel T. Cohen, of Layfer, Cohen, Handelsman & Mora, Ltd., of Chicago (Robert Handelsman, of counsel), for appellant.

Arvey, Hodes, Costello & Burman, of Chicago (Sidney R. Zatz and Malcolm S. Kamin, of counsel), for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This appeal arises from the granting of a motion for summary judgment, upon the verified complaint of plaintiff Interlake, Inc., by the circuit court of Cook County in favor of plaintiff. The effect of the circuit court's judgment was, *inter alia,* to (1) terminate an industrial building lease pursuant to which plaintiff, Interlake, Inc., was lessee and defendant Harris Trust And Savings Bank was lessor, (2) dismiss the counterclaim filed by defendant Harris Trust And Savings Bank, and (3) authorize plaintiff's recovery of costs from defendant. The summary judgment order stated that there was no just reason for delaying its enforcement or appeal.

Plaintiff's predecessor, Interlake Steel Corporation, and defendant entered into an industrial building lease on February 24, 1970. The premises leased consisted of a one-story brick building containing a plant and office area totaling 11,000 square feet situated on a 25,000-square-foot area commonly known as 7620 South Albany Avenue, Chicago, Illinois. Interlake Steel Corporation was to be the leasee and defendant was to be the lessor. Pursuant to the terms of the leasee, Interlake Steel Corporation could conduct manufacturing and warehousing operations within the leased premises from April 1, 1970, until March 31, 1980.

Subsequent to the execution of the lease, Interlake Steel Corporation was merged into plaintiff Interlake, Inc. Interlake, Inc., succeeded to the rights and obligations of its predecessor under the industrial building lease and occupied the leased premises until January 7, 1976, at which time a fire occurred which substantially damaged the premises, rendering the same untenantable.

The premises were not repaired by defendant within 60 days following the date of the fire. Based upon this fact and Clause 29 of the industrial building lease, plaintiff-lessee maintained that the lease had terminated. Clause 29 of the industrial building lease provided:

"(29) In case said premises shall be rendered untenantable by fire or other casualty, Lessor may, at his option, terminate this lease or repair said premises within sixty days, and failing to do so, or upon the destruction of said premises by fire, or other casualty, the term hereby created shall cease and determine."

Defendant notified plaintiff that the resultant damage was extensive to such an extent that rehabilitation within the 60-day period would be impossible. Defendant, however, was of the belief that the lease had not terminated. Consequently, when plaintiff tendered the keys to the premises to defendant for the purpose of surrendering possession of the leased premises, defendant refused to accept the keys.

Defendant's refusal to agree to the termination of the industrial building lease prompted plaintiff to file an action for declaratory judgment. In this action plaintiff (1) sought to have the lease declared terminated as of March 7, 1976 (the 60th day following the fire which rendered the premises untenantable), and (2) sought to have all obligations of plaintiff, pursuant to the lease, deemed terminated.

Defendant filed an answer to plaintiff's action and a counterclaim for declaratory judgment. Through these pleadings defendant asserted that the untenantability of the premises was caused by plaintiff's negligence and prayed for a declaration that (1) plaintiff breached certain covenants and agreements of the lease, (2) defendant fully performed all of its duties and obligations under the lease, (3) all obligations and duties of plaintiff under the lease remain in full force and effect until March 31,

1980, (4) plaintiff be charged with defendant's costs of enforcing the lease, and (5) that plaintiff pay defendant the sum of $138,176.43, such sum encompassing rental payments, real estate taxes, fire and extended coverage insurance payments, liability insurance payments, costs of repairs, maintenance and protection against vandalism.

Plaintiff then filed a reply and answer to defendant's countercomplaint. Through these pleadings plaintiff denied the allegations of negligence and the allegation that plaintiff failed to comply with the terms of the lease. Plaintiff also asserted that under the industrial building lease, loss or damage by fire was expressly excepted from plaintiff-lessee's obligation to keep the leased premises in good condition and repair.

Subsequent to the filing of the aforementioned pleadings, plaintiff filed a motion for summary judgment. The underlying rationale for the motion was the following logic: (1) Clause 29 of the industrial building lease states that in case the leased premises are rendered untenantable by "fire," the lessor has 60 days to repair the premises. Failure to repair within the 60 day period terminates the lease; (2) "Fire" is used in an unqualified sense in Clause 29, thereby encompassing all fires whether due to the acts of the lessee or otherwise, and (3) the case of *Cerny-Pickas & Co. v. C. R. Jahn Co.* (1955), 7 Ill. 2d 393, 131 N.E.2d 100, and its progeny are dispositive as to the proper meaning of the term "fire" as used in Clause 29 of the industrial building lease.

After a hearing on plaintiff's motion for summary judgment, the circuit court of Cook County entered judgment in favor of plaintiff. The judgment order stated that the industrial building lease had terminated and that defendant's counterclaim was dismissed. It is from this judgment that defendant appeals.

■■ Section 57 of the Illinois Civil Practice Act(Ill. Rev. Stat. 1975, ch. 110, par. 57(3)), provides summary judgment should be granted when "* * * the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law." Summary judgment provides a means of disposing of cases with dispatch, but it is a drastic method and should only be allowed when the right of the party to invoke that drastic method is free from doubt. Summary judgment must not be used to preempt the right to a trial by jury or the right to fully present the factual basis for a case where a material dispute may exist. In reviewing the trial court's granting of summary judgment, we must consider all grounds urged and facts revealed in that court to determine if a genuine issue as to a material fact remained to be determined by a jury and whether plaintiff was entitled to summary judgment as a matter of law. *Welch v. Chicago Tribune Co.* (1975), 34 Ill. App. 3d 1046, 340 N.E.2d 539.

Since the recovery that defendant seeks is of the type which could only be awarded pursuant to a valid lease, our key inquiry must be whether a valid lease continues to exist. This determination can be made by an analysis of Clause 29 of the lease, placing particular emphasis on the interpretation of the word "fire" as it appears within Clause 29.

Clause 29 of the industrial building lease to which plaintiff and defendant were parties reads as follows:

> "(29) In case said premises shall be rendered untenantable by fire or other casualty, Lessor may, at his option, terminate this lease or repair said premises within sixty days, and failing to do so, or upon the destruction of said premises by fire, or other casualty, the term hereby created shall cease and determine."

It should be noted that the word "fire" is used in Clause 29 in an unqualified sense. Nevertheless, defendant contends that "fire" cannot encompass a fire caused by plaintiff's negligence as this interpretation would allow plaintiff to escape from all obligation under the lease by plaintiff's own wrongdoing.

Plaintiff contends that the reasoning employed by the Illinois Supreme Court in *Cerny-Pickas & Co. v. C. R. Jahn Co.* (1955), 7 Ill.2d 393, 131 N.E.2d 100, and the progeny thereof, *One Hundred South Wacker Drive, Inc. v. Szabo Food Service, Inc.* (1975), 60 Ill. 2d 312, 326 N.E.2d 400; *Stein v. Yarnall-Todd Chevrolet, Inc.* (1968), 41 Ill. 2d 32, 241 N.E.2d 439, is dispositive of the instant case. Defendant counters this contention by arguing that *Cerny-Pickas* and its progeny were property damage cases, thus having no bearing on the instant case in which no compensation for property damage is sought.

The Illinois Supreme Court, in each of the aforementioned cases, considered the meaning of the word "fire" as used in various provisions of leases. In each of these cases the word "fire" was used in an unqualified sense. After examining the provisions of the *Cerny-Pickas* lease, the supreme court stated:

> "The word 'fire' is used without qualification throughout the lease before us. Its natural meaning would include all fires regardless of their origin. To express the meaning for which the lessor contends, the lease would have to be altered to modify the word 'fire' by the qualifying words 'not due to lessee's negligence.' It is more reasonable to assume, we think, that laymen would regard the word 'fire' as including all fires whether of negligent origin or otherwise." 7 Ill. 2d 393, 397, 131 N.E.2d 100, 103.

■■ Although *Cerny-Pickas* was a property damage case, we believe the previously stated language is dispositive of the instant case in that *Cerny-Pickas* delineates the legal impact of the word "fire" when used in an unqualified sense. "Fire" refers to all fires whether of negligent origin

or otherwise, and *a fortiori* encompasses the fire which occurred in the instant case. Consequently, when defendant failed to repair the premises, rendered untenantable by fire, within the 60 days following the fire, the lease terminated pursuant to Clause 29. Since the lease had terminated, all rights and obligations arising therefrom also terminated, barring any possible cause of action by defendant against plaintiff based on the lease.

Our analysis has demonstrated that the word "fire" as used in the industrial building lease included all fires, irrespective of their origin. Plaintiff's alleged negligence is irrelevant and, therefore, could not constitute a genuine issue of material fact. Consequently, the granting of summary judgment by the circuit court of Cook County in favor of plaintiff was proper and is affirmed.

Affirmed.

DOWNING and McGLOON, JJ., concur.