MATTIE WALLACE *et al.*, Plaintiffs-Appellants, *v.* MARY O. SMITH *et al.*, Defendants-Appellees.

First District (5th Division)   Nos. 77-1134, 78-886 cons.

Opinion filed August 24, 1979.

Chase & Werner, of Chicago (Alan D. Katz, of counsel), for appellants.

Clausen, Miller, Gorman, Caffrey & Witous, P. C., of Chicago (James T. Ferrini, Stephen D. Marcus, and Thomas H. Ryerson, of counsel), for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiffs appeal from orders dismissing their complaints for personal injuries against defendant Smith, and granting summary judgment in favor of defendant Dart Industries, Inc. On appeal, they contend that the court's orders were erroneous.

The following facts appearing in the record are pertinent to the disposition of this appeal.

On November 30, 1973, plaintiffs filed a complaint alleging that on December 3, 1971, at or near 348 East 115th Street in Chicago, Mary O. Smith, while acting as agent, servant and/or with the permission and consent of Dart Industries, Inc., negligently caused their automobile accident and resulting personal injuries. A summons was issued on November 30, 1973, and the Cook County sheriff was directed to serve both defendants. Although service was executed by the Cook County sheriff on Dart Industries on December 6, there is no record that service was had on Smith. On January 22, 1974, Dart Industries filed its appearance, jury demand, and answer to plaintiffs' complaint.

On June 22, 1976, an "alias" summons was issued against Smith. Service was obtained on Smith for the first time when this summons was served on her in care of the Secretary of State, and received by that office on June 25. After filing an appearance, Smith filed a motion which cited Supreme Court Rule 103(b) (Ill. Rev. Stat. 1977, ch. 110A, par. 103(b)), and moved that the complaint be dismissed based on plaintiffs' lack of diligence in obtaining service. Smith's motion was granted on December 3, 1976, and plaintiffs' complaint against her was ordered dismissed with prejudice. Additionally, leave was granted Dart Industries to renew its motion for summary judgment, which had been filed on April 23, 1976, but had not been ruled upon. Following a hearing, on May 6, 1977, Dart Industries' motion for summary judgment was granted. Plaintiffs then filed a notice of appeal, numbered 77-1134, citing both the order dismissing Smith and the order granting summary judgment to Dart Industries as erroneous.

On October 18, 1977, while their appeal was pending, plaintiffs filed a new complaint which named Mary O. Smith as the sole defendant. The complaint again alleged that Smith negligently caused the automobile accident and resulting personal injuries suffered by plaintiffs on December 1, 1971. The complaint acknowledged that the suit plaintiffs previously brought against Smith had been dismissed, but stated that, "there was no hearing or trial on the merits of the claim in said dismissal." Smith's motion to dismiss this complaint was granted on February 22, 1978. Plaintiffs' appeal from that order, numbered 78-866, was consolidated with their previous appeal.

OPINION

■■ Plaintiffs first contend that the order dismissing their original complaint against Smith was erroneous. That complaint was dismissed "with prejudice" by the court under the authority of Supreme Court Rule 103(b) (Ill. Rev. Stat. 1977, ch. 110A, par. 103(b)) which provides that:
> "If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of

limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion."

A motion to dismiss pursuant to Rule 103(b) is addressed to the sound discretion of the trial court and, absent an abuse of that discretion, the trial court's ruling will not be disturbed. (*Montero v. University of Illinois Hospital* (1978), 57 Ill. App. 3d 206, 372 N.E.2d 1010; *Martin v. Lozada* (1974), 23 Ill. App. 3d 8, 318 N.E.2d 334.) The record herein shows that plaintiffs filed their original complaint on November 30, 1973, a few days before the two year limitation period was due to expire on their claims for personal injuries arising out of the accident of December 3, 1971. (See Ill. Rev. Stat. 1977, ch. 83, par. 15.) The record further indicates that plaintiffs did not even attempt to obtain service on defendant Smith until over 2½ years later, when an alias summons was served in care of the Secretary of State. Plaintiffs concede these facts. They state, however, that the purpose of Rule 103(b) is to "prevent the accumulation of dead cases from the court calendar," and that this situation did not result because defendant Dart Industries, Inc., was timely served, filed its answer, and proceeded with plaintiffs to discovery. On this basis, and with the added assertion that Smith was not prejudiced by their delay, plaintiffs conclude that dismissing their complaint against Smith was overly "harsh" and erroneous.

■■ ■ We disagree. The purpose of Rule 103(b) is not, as plaintiffs characterize it, to "prevent the accumulation of dead cases," but is rather to protect defendants from all unnecessary delays in service of process upon them and to safeguard against the undermining of the statutes of limitations. (*Alsobrook v. Cote* (1971), 133 Ill. App. 2d 261, 273 N.E.2d 270.) It is true, as plaintiffs point out, that courts have been warned against using Rule 103(b) as a vehicle to dispose of litigation. (*Aranda v. Hobart Manufacturing Corp.* (1977), 66 Ill. 2d 616, 621, 363 N.E.2d 796, 799 (Dooley, J., specially concurring).) Dismissals of actions are nevertheless clearly proper when the statute of limitations has expired and reasonable diligence to obtain service has not been exercised. This court recently explained in *Piscitello v. Barton* (1978), 66 Ill. App. 3d 451, 453-54, 384 N.E.2d 47, 49-50, that:

"Rule 103(b) does not set a specific time limitation within which defendant must be served, but it does put the burden upon plaintiff to show that he has exercised reasonable diligence in obtaining service. (*Connaughton v. Burke* (1st Dist. 1977), 46 Ill. App. 3d 602, 361 N.E.2d 87; *Alsobrook v. Cote* (1st Dist. 1971), 133

Ill. App. 2d 261, 273 N.E.2d 270.) It is not incumbent upon defendant to show prejudice by the delay. (*Phifer v. Hayes* (1st Dist. 1974), 20 Ill. App. 3d 635, 314 N.E.2d 473.) The standard for determining reasonable diligence is objective. (*Connaughton v. Burke.*) Although each case must be decided on its own particular facts and circumstances, courts will examine certain factors in deciding whether plaintiff has exercised reasonable diligence. Among the factors to be considered are: (1) the length of time used to obtain service; (2) the activities of plaintiff; (3) any knowledge on part of plaintiff of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; (5) the actual knowledge of defendant of pendency of the action; and (6) special circumstances which would affect the efforts made by plaintiff."

It was not necessary for Smith's motion to dismiss under Rule 103(b) to be supported by a showing that she was prejudiced by plaintiffs' delay. The burden was and is on plaintiffs to produce facts showing that they exercised reasonable diligence in obtaining service. However, plaintiffs have completely failed to meet that burden. They did not even attempt to serve Smith for over 2½ years after the complaint was filed and the limitation period expired. This is the case even though they had her address, and conceded at oral argument that locating her presented no special difficulty. It should also be noted that when service was finally accomplished, it was through an alias summons delivered to the Secretary of State. In light of the passage of time, plaintiffs' inactivity, their knowledge of Smith's location and the ease with which service could have been accomplished, we conclude that the trial court's dismissal of plaintiffs' complaint was a proper exercise of its discretion.

Plaintiffs further contend that it was error for the court to dismiss their second complaint against Smith. This complaint was filed on October 18, 1977, during the pendency of plaintiffs' appeal from the dismissal of their first complaint against Smith, and some six years after the accident on which it was based. Plaintiffs argue that the complaint should not have been dismissed and cite section 24 of the Limitations Act (Ill. Rev. Stat. 1973, ch. 83, par. 24(a)). That statute provides in pertinent part that:

"In the actions specified in this Act or any other act or contract where the time for commencing an action is limited, if * * * the action is dismissed for want of prosecution then, whether or not the time limitation for bringing such action expires during the pendency of such suit, the plaintiff, his heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater,

after * * * the action is voluntarily dismissed for want of prosecution."

Plaintiffs argue that the dismissal of their complaint against Smith under Rule 103(b) should be considered the equivalent of a dismissal for want of prosecution. Citing *Aranda v. Hobart Manufacturing Co.* (1977), 66 Ill. 2d 616, 363 N.E.2d 796, and *Franzese v. Trinko* (1977), 66 Ill. 2d 136, 361 N.E.2d 585, as supportive, plaintiffs argue that because their second complaint was filed within one year after the first complaint was dismissed, it was properly brought under section 24 and should not have been dismissed.

■ We reject plaintiffs' argument and find that their reliance on *Aranda* and *Franzese* is misplaced. In each of those cases, the first action was dismissed for want of prosecution, and a second suit was filed within one year after that dismissal. The supreme court therefore held that the plain terms of section 24 of the Limitations Act applied, there was an absolute right to file the second suit, and it should not have been dismissed. The instant case presents an altogether dissimilar situation. Although plaintiffs make an unsupported attempt to equate the two grounds, the fact remains that their first complaint was dismissed below not for want of prosecution, but for their failure to exercise due diligence in obtaining service under Rule 103(b). In *Aranda,* the plaintiff's first action was dismissed for want of prosecution, the second suit was timely filed under section 24 and, although service was obtained within 12 days, the trial court dismissed it under Rule 103(b). The supreme court reversed, ruling that in that situation, dismissing the second suit under Rule 103(b) would in effect make section 24's right to refile meaningless. The supreme court specifically noted, however, that "the 1972 [first] case was not dismissed for lack of diligence in obtaining service pursuant to the rule [103(b)]. It was dismissed for want of prosecution * * *." 66 Ill. 2d 616, 619, 363 N.E.2d 796, 798.

■ As we indicated above, plaintiffs' first complaint was dismissed below "with prejudice" not for want of prosecution, but for lack of reasonable diligence to obtain service under Rule 103(b). In *Keilholz v. Chicago & North Western Ry. Co.* (1974), 59 Ill. 2d 34, 319 N.E.2d 46, plaintiff's first action was dismissed, under Supreme Court Rules 218 and 219(c) (Ill. Rev. Stat. 1971, ch. 110A, pars. 218, 219(c)) for her failure to comply with an order to participate in a pretrial conference. She argued that this was equivalent to a dismissal for want of prosecution, and that she therefore should have been allowed to refile her action under section 24. In rejecting this argument, our supreme court stated that:

"[T]he focus of section 24 is narrow. It states with precision the four types of orders with which it is concerned, and a dismissal for failure to comply with an order of the court is not one of them.

\* \* \* if all dismissal orders entered under Rule 219 for failure to comply with discovery and pretrial conference orders are to be considered as dismissals for want of prosecution under section 24, the result would be to eliminate the most effective sanction for the disregard of those orders. In our opinion the General Assembly did not intend, by the plain language of section 24, to accomplish that result." (59 Ill. 2d 34, 37-38, 319 N.E.2d 46, 48.)

Similarly, acceptance of plaintiffs' argument that a dismissal under Rule 103(b) is the equivalent of a dismissal for want of prosecution under section 24 would effectively negate the "dismissal with prejudice" sanction contained in Rule 103(b) as an aid to its enforcement. Accordingly we reject plaintiffs' argument and conclude that the dismissal of their second complaint should be affirmed.

■■ Plaintiffs' final contention is that the granting of Dart Industries' motion for summary judgment was erroneous. Under section 57 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 57), a motion for summary judgment should only be granted where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A triable issue precluding summary judgment exists where there is a dispute as to material facts or where, the material facts being undisputed, reasonable persons might draw different inferences from the facts. (*Ruby v. Wayman* (1968), 99 Ill. App. 2d 146, 240 N.E.2d 699.) Summary judgment provides a means of disposing of cases with dispatch, but it is a drastic method and should only be allowed when the right of the party to invoke that drastic method is free from doubt. (*Interlake, Inc. v. Harris Trust & Savings Bank* (1978), 57 Ill. App. 3d 524, 373 N.E.2d 413.) Because summary judgment is proper only when the issue is determinable solely as a question of law (*Sidwell v. Sidwell* (1975), 28 Ill. App. 3d 580, 328 N.E.2d 595), it is held to be "a remedy to be awarded with some caution so as not to preempt the right to a trial by jury or the right to fully present the factual basis for a case where a material dispute may exist." (*Lumbermens Mutual Casualty Co. v. Poths* (1968), 104 Ill. App. 2d 80, 87, 243 N.E.2d 40, 44-45.) Accordingly, the right to summary judgment must be clear beyond question. *Patterson v. Stern* (1967), 88 Ill. App. 2d 399, 232 N.E.2d 7.

■■■ Dart Industries contends that its motion for summary judgment was properly granted for two reasons. It first argues that it could not be held liable for plaintiffs' injuries because Mary O. Smith, the operator of the automobile which collided with plaintiffs, was an independent contractor and was not its agent or servant. In support of this argument, Dart Industries cites an affidavit taken from Smith and filed in support of its mo-

tion for summary judgment. In the affidavit, Smith stated that she was an "independent salesperson" of Tupperware products, and that Dart Industries exercised no control over her work. We note that in considering a motion for summary judgment and determining whether a genuine issue as to any material fact exists, the court must construe the pleadings, depositions and affidavits most strictly against the movant and most liberally in favor of the opponent. (*Baier v. State Farm Insurance Co.* (1975), 28 Ill. App. 3d 917, 329 N.E.2d 543, *aff'd* (1977), 66 Ill. 2d 119, 361 N.E.2d 1100.) Smith's statement that she was an "independent salesperson" contradicts plaintiffs' allegation that she was Dart Industries' agent or servant. It is clear, however, that conclusionary statements which contradict the allegations in the plaintiffs' complaint are not sufficient grounds for the granting of summary judgment. (See *Moore v. Lewis* (1977), 51 Ill. App. 3d 388, 366 N.E.2d 594; *Clausen v. Ed Fanning Chevrolet, Inc.* (1972), 8 Ill. App. 3d 1053, 291 N.E.2d 202.) Further, although determining the nature of an employment relationship depends upon an analysis of the particular facts of each case, and many factors, such as the right to discharge, method of payment and skill of the employee must be considered, "the right to control the work is perhaps the most important single factor in determining the relation." (*Coontz v. Industrial Com.* (1960), 19 Ill. 2d 574, 577-78, 169 N.E.2d 94, 96.) In her affidavit, Smith stated that Dart "exercises no control over the method and manner of the details of my work." However, as we stated in *Gunterberg v. B & M Transportation Co.* (1975), 27 Ill. App. 3d 732, 738, 327 N.E.2d 528, 533, "[i]t is the *right* of control, not the fact of control, that is the principal factor in distinguishing a servant from a [independent] contractor." (Emphasis added.) Neither Smith's affidavit nor anything else filed in support of the summary judgment motion addresses the issue of what right, if any, Dart Industries had to control Smith's work. The record is also silent as to what right, if any, Dart Industries had to discharge Smith from her position as a Tupperware salesperson. We note that the only other affidavit filed by Dart Industries was taken from Keith Von Hoff, who stated that he was "the general counsel of Tupperware, a Division of Dart Industries, Inc." Von Hoff acknowledged in the affidavit that the car driven by Smith at the time of the accident had been leased by Dart Industries, and given to her to use. He stated, however, that it was given as an "award" for successful sales, and that it was "not a tool" of Dart Industries business. Plaintiffs have correctly pointed out that once ownership of a vehicle is established, a rebuttable presumption or inference arises that the vehicle was being operated by the owner's agent, and a *prima facie* case for recovery has been made. (*Hedrich v. Borden Co.* (1968), 100 Ill. App. 2d 237, 241 N.E.2d 546; *Horst v. Morand Brothers Beverage Co.* (1968), 96 Ill. App. 2d 68, 237 N.E.2d 732.) Further, "[t]he weight to be given the presumption, whether it has been

overcome, and whether agency has been proved are, ordinarily, questions for the trier of fact." (96 Ill. App. 2d 68, 75, 237 N.E.2d 732, 736.) We conclude that the inference which could be made from the gift of the car, and the issues of whether Dart Industries had a right to control or right to discharge Smith, are proper questions for the trier of fact to consider in evaluating the nature of Smith and Dart Industries employment relationship. Because the true nature of that relationship has not been proven beyond question, Dart Industries is not entitled to have its liability precluded by means of a motion for summary judgment.

Dart Industries further argues, however, that at the time of the accident, Smith was acting outside the scope of her employment. Dart correctly points out that a master is not liable for its servant's negligence if the servant is acting outside the scope of his employment. (*Kreider Truck Service, Inc. v. Augustine* (1978), 64 Ill. App. 3d 576, 381 N.E.2d 791.) Whether the servant was acting outside the scope of his employment is generally a question for the trier of fact to decide. (*Torrence v. DeFrates* (1978), 56 Ill. App. 3d 118, 371 N.E.2d 1281; *Metzler v. Layton* (1939), 298 Ill. App. 529, 19 N.E.2d 130, *aff'd* (1939), 373 Ill. 88, 25 N.E.2d 60.) As support for its assertion that Smith was acting outside the scope of her employment Dart points to the statement in her affidavit that at the time of the accident "I was enroute to meet my husband and was performing no function for Dart Industries." Plaintiffs Wallace and Grayson each filed counteraffidavits on this point. They stated therein that following the accident, Smith told them that she was sorry, that she was a "Tupperware Lady" making a delivery, and that she was confused as to the street and address she was looking for. They also stated that they looked into Smith's car and saw "Tupperware" packages and boxes on the back seat. Dart Industries replied and characterized the counteraffidavits as "blatant perjury," in that plaintiffs had both testified at their sworn depositions that they did not have any conversations with Smith following the accident. Subsequently, in granting Dart's motion for summary judgment, the court ordered that plaintiffs' counteraffidavits be stricken, citing as authority *Meier v. Pocius* (1958), 17 Ill. App. 2d 332, 150 N.E.2d 215. In *Meier*, this court affirmed an order for summary judgment and held that in order to prevent the commission of perjury, a party would not be allowed to change or reconstruct his testimony at trial to avoid the consequences of his deposition. (17 Ill. App. 2d 332, 335, 150 N.E.2d 215, 216; see also *Smith v. Ashley* (1975), 29 Ill. App. 3d 932, 332 N.E.2d 32.) Under the rule expressed in *Meier*, the portions of plaintiffs' counteraffidavits which attributed various statements to Smith following the accident were properly ordered stricken. The same is not true for plaintiffs' statements that they saw Tupperware on Smith's back seat. It does not appear from the record and Dart does not argue that those statements are at odds with

prior depositions or other testimony. Moreover, those statements clearly raise an inference that at the time of the accident, Smith was acting within the scope of her employment. We specifically note that even if Smith was enroute to meet her husband when the accident occurred, that fact could be found by the trier of fact to amount to a slight deviation which would not remove her from the scope of her employment for the purposes of determining her master's liability. (See *Boehmer v. Norton* (1946), 328 Ill. App. 17, 65 N.E.2d 212.) Based on all of the above, we conclude that Dart Industries' right to summary judgment is not sufficiently free from doubt and clear beyond question. The judgment of the circuit court is accordingly reversed and the cause is remanded for proceedings not inconsistent with this opinion.

Affirmed in part; reversed in part, remanded.

MEJDA and WILSON, JJ., concur.