444

ERNEST J. HOZIAN, Plaintiff-Appellant, v. MARY G. SWEENEY *et al.,*
Defendants-Appellees.

First District (6th Division)   No. 1—89—2323

Opinion filed August 24, 1990.

John J. Milano, of Chicago, for appellant.

James J. Des Veaux, of Chicago (Jeff Goldberg and Daniel C. Shapiro,
of counsel), for appellees.

JUSTICE RAKOWSKI delivered the opinion of the court:

Plaintiff brought an action against the defendants, Mary G. Swee-ney and John H. Sweeney, demanding judgment against them for their alleged negligence which resulted in a car collision and injuries to the plaintiff. The defendants moved pursuant to Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)) for a dismissal of the complaint with prejudice. The trial court granted the defendants' motion, and the plaintiff appeals, contending that the trial court erred in dismissing the complaint.

The plaintiff initially filed a lawsuit on October 17, 1986. The plaintiff's complaint sought damages for personal injuries arising out of an automobile accident which occurred on October 19, 1984. The applicable statute of limitations expired on October 19, 1986. On October 20, 1988, the plaintiff's lawsuit was dismissed for want of prosecution. The defendants were never served with process during the pendency of that lawsuit. Thereafter, the plaintiff filed a second lawsuit on December 23, 1988, pursuant to section 13—217 of the Illinois Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, par. 13—217.) The defendants were served with process on January 12, 1989. After being served in the second lawsuit, the defendants filed a motion to dismiss the plaintiff's complaint with prejudice pursuant to Supreme Court Rule 103(b) which the trial court granted.

The plaintiff now argues that the dismissal was error and asserts that his right to refile under section 13—217 of the Code of Civil Procedure is absolute and that a trial court, when ruling upon a motion pursuant to Rule 103(b), should consider the due diligence in effecting service of process on the refiled action only. The defendants assert that a trial court should examine the plaintiff's diligence in the original action as well as in the refiled action when considering a Rule 103(b) motion and that a Rule 103(b) motion can properly be granted even where the lawsuit was filed pursuant to section 13—217 of the Code of Civil Procedure following a dismissal for want of prosecution. The defendants are correct.

Although previous cases had held that the right to file a complaint under section 24 of the Limitations Act (now section 13—217 of the Illinois Code of Civil Procedure) was absolute (*Aranda v. Hobart Manufacturing Corp.* (1977), 66 Ill. 2d 616, 363 N.E.2d 796), several recent supreme court cases have discussed the interplay of Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)) and section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—217).

Section 13—217 of the Code of Civil Procedure provides, in pertinent part:

"[I]f *** the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, *** then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater, *** after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution ***." Ill. Rev. Stat. 1985, ch. 110, par. 13—217.

Supreme Court Rule 103(b) provides:

"If the plaintiff fails to exercise [due] diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion." 107 Ill. 2d R. 103(b).

■ A motion to dismiss pursuant to Rule 103(b) is addressed to the sound discretion of the trial court, and absent an abuse of that discretion, the trial court's ruling will not be disturbed. (*Wallace v. Smith* (1979), 75 Ill. App. 3d 739, 743, 394 N.E.2d 665.) Rule 103(b) puts the burden upon the plaintiff to show that he has exercised reasonable diligence in obtaining service. (*Wallace*, 75 Ill. App. 3d at 743.) It is not incumbent upon defendant to show prejudice by the delay. (*Wallace*, 75 Ill. App. 3d at 744.) Although courts have been warned against using Rule 103(b) as a vehicle to dispose of litigation, dismissals of actions are nevertheless clearly appropriate when the statute of limitations has expired and reasonable diligence to obtain service has not been exercised. *Wallace*, 75 Ill. App. 3d at 743.

In *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 492 N.E.2d 1322, the Illinois Supreme Court examined the interrelationship between the diligence requirement of Supreme Court Rule 103(b) and section 13—217 of the Code of Civil Procedure, which permits the refiling of suits beyond the expiration of the applicable statute of limitations. The plaintiff in *O'Connell* filed suit on the last day under the applicable statute of limitations and failed to serve the defendants for nine months thereafter. The defendants moved for dismissal under Supreme Court Rule 103(b), and in response, the plaintiff voluntarily dismissed his action under section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009). The trial judge

allowed the plaintiff's dismissal without taking any action on the defendant's pending Rule 103(b) motion. The plaintiff then refiled his action pursuant to section 13—217 and served the defendants within 10 days. The defendants again moved for dismissal under Rule 103(b), and the trial judge denied the motion.

The *O'Connell* court held that sections 2—1009 and 13—217 of the Code of Civil Procedure unduly infringed on the authority of the judiciary to discharge its duties fairly and expeditiously. A plaintiff's right to voluntarily dismiss and refile his complaint was thus subject to the requirement of reasonable diligence enunciated in Rule 103(b). Furthermore, the court held that in assessing reasonable diligence, a trial judge may consider the circumstances surrounding the plaintiff's service of process of both the original complaint and the refiled complaint.

The plaintiff in the present case contends that *O'Connell* is not applicable because in *O'Connell* the defendants filed a motion to dismiss pursuant to Rule 103(b) after they were served and that, after the motion to dismiss was filed, the plaintiff filed a motion to voluntarily dismiss his complaint. In this case, plaintiff asserts that the motion to voluntarily dismiss was filed prior to the service on the defendants and, therefore, the *O'Connell* case is not applicable. However, there is no requirement that a defendant must have been served in the original action and must have moved for a Rule 103(b) dismissal before the original action was dismissed in order for *O'Connell* to be applicable. (*Catlett v. Novak* (1987), 116 Ill. 2d 63, 506 N.E.2d 586.) Also, there is no indication in the record on appeal that there was a voluntary dismissal taken in this case. The record discloses that the original lawsuit was dismissed for want of prosecution. *O'Connell* applies to a situation where the original lawsuit is dismissed for want of prosecution and a later lawsuit is sought to be dismissed under Rule 103(b), notwithstanding the fact that the defendant was never served with process in the original action and thus never had an opportunity to move for dismissal pursuant to Rule 103(b) before the dismissal for want of prosecution. (See *Muskat v. Sternberg* (1988), 122 Ill. 2d 41, 521 N.E.2d 932.) That is exactly what occurred in this case.

The plaintiff relies on *Martinez v. Erickson* (1989), 127 Ill. 2d 112, 535 N.E.2d 853, and refers us to the journal article: Newman, *The Plaintiff's Right To Dismiss and Refile—A Modern Odyssey*, 12 Ill. Trial Law. J. 23 (1989). The author opines that the thrust of *Martinez* is to overrule *O'Connell* and resurrect that language from *Aranda* which states: " 'the period of time within which plaintiff must obtain service following the refiling of his suit under section 24 [*i.e.*,

the statutory predecessor to section 13—217] cannot be so abbreviated as to make the right granted by that action meaningless.' " (12 Ill. Trial Law. J. at 48, quoting *Aranda v. Hobart Manufacturing Corp.* (1977), 66 Ill. 2d 616, 363 N.E.2d 796.) Here, plaintiff obtained service over the defendants 19 days after his section 13—217 refiling. He argues that the trial court's ruling has rendered his section 13—217 right meaningless.

■ Although *Martinez* does contain the above-quoted language, we do not construe it to signal a departure from *O'Connell.* To the contrary, *Martinez* expressly relies on *O'Connell, Catlett* and *Muskat* and goes on to state: "According to the *O'Connell* standard, as developed, the circuit judge is to consider service after refiling in light of the entire history of the case. He cannot disregard obvious diligence on the part of the plaintiff after refiling. The determination of diligence must be made in light of the totality of the circumstances." (*Martinez,* 127 Ill. 2d at 121-22. See also *Riopelle v. Northwest Community Hospital* (1990), 195 Ill. App. 3d 750, 754-55, 552 N.E.2d 1220.) We interpret this language to mean what it says and nothing more. While a trial judge cannot disregard obvious diligence after refiling, he also cannot disregard a lack of diligence in the first action.

■ In this case the accident occurred on October 19, 1984. The plaintiff filed suit on October 17, 1986, two days before the expiration of the applicable statute of limitations. On October 20, 1988, two years after the filing of the action, the suit was dismissed for want of prosecution. There is no evidence in the record that the plaintiff attempted service of process during that time. In response to the dismissal, the plaintiff filed a second lawsuit on December 23, 1988. The defendants were served on January 12, 1989, over four years after the subject collision and over two years after the running of the applicable statute of limitations. Despite the fact that the defendants were served within 20 days of the filing of the second complaint, the unexplained two-year period in the first action in which no service was attempted displayed a lack of diligence. Therefore, although the plaintiff was diligent in obtaining service after the filing of the second complaint, the determination of diligence must be made in light of the totality of the circumstances. (*Riopelle,* 195 Ill. App. 3d at 755.) There is no evidence in this case that the trial court did not consider the circumstances in both actions and render the proper decision. Therefore the trial court did not abuse its discretion, and its decision should not be disturbed on review.

■ The plaintiff also asserts that since the trial court's order granting the defendants' Rule 103(b) motion did not specify that the

order was with prejudice, the order was without prejudice. However, defendants' motion specifically asked that the dismissal be granted with prejudice, and the trial court's order stated that the defendants' motion was granted. There is no indication that the trial court did not intend to grant the defendants full relief. Furthermore, Rule 103(b) mandates that if the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. (107 Ill. 2d R. 103(b).) We thus find that the dismissal was with prejudice.

Accordingly the judgment of the circuit court is affirmed.

Judgment affirmed.

LaPORTA, P.J., and McNAMARA, J., concur.