HAMID TAEB, Plaintiff-Appellant, v. RITCHEY CONSTRUCTION COM-
PANY, Defendant-Appellee.

First District (3rd Division)   No. 1—90—3230

Opinion filed September 9, 1992.

Karling & Fleisher, of Chicago (David A. Novoselsky, of counsel), for appellant.

Glenn F. Fencl and Joseph B. Carini III, both of Chicago, for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff Hamid Taeb appeals the trial court's dismissal of his cause of action against defendant, Ritchey Construction Company (Ritchey), for his failure to exercise due diligence in obtaining service of process upon defendant pursuant to Illinois Supreme Court Rule 103(b). 134 Ill. 2d R. 103(b).

The issues before this court are: (1) whether the trial court erred when it granted defendant's motion to quash service of summons; (2) whether the trial court abused its discretion when it dismissed the action on the basis of plaintiff's failure to exercise due diligence in serving defendant; and (3) whether the trial court abused its discretion when it denied plaintiff's motion to vacate and reconsider its order quashing service of summons. We reverse and remand.

On December 21, 1986, Taeb injured himself when he fell into a hole while participating in the construction of a residential development in Oakbrook, Illinois. On December 15, 1988, Taeb filed an action to recover damages for personal injuries sustained as a result of the fall.

On March 29, 1989, Taeb requested that the Cook County sheriff serve Robert Basaillon, Ritchey's registered agent for service of process. On April 3, 1989, the summons was returned to Taeb indicating that Iggy Lorefize, another agent of Ritchey, was served.

On June 15, 1989, Ritchey filed a special and limited appearance on the grounds that Basaillon was never personally served with a copy of the complaint and summons. On June 16, 1989, Ritchey filed a motion to quash service, alleging that its registered agent was never personally served. The motion was supported by Basaillon's affidavit. On July 7, 1989, the court quashed the summons in favor of Ritchey. On March 2, 1990, the trial court appointed a special process server to serve summons upon Ritchey. Basaillon was served on March 16, 1990.

On April 4, 1990, Ritchey filed a general appearance, a jury demand, and a motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure. (Ill. Rev. Stat. 1989, ch. 110, par. 2—619.) Ritchey alleged that Taeb's complaint should be dismissed pursuant to Illinois

Supreme Court Rule 103(b) because Taeb failed to exercise due diligence in serving the company. 134 Ill. 2d R. 103(b).

On June 21, 1990, Taeb filed a motion to vacate and reconsider the order of July 7, 1989, quashing service of summons and a motion to obtain a rehearing on the merits. On October 24, 1990, the trial court denied Taeb's motions and granted Ritchey's motion to dismiss. This appeal followed.

We will now address the issue of whether the trial court erred when it granted defendant's motion to quash service of summons. Plaintiff argues that the trial court erred in quashing his service of summons because his service of defendant was proper pursuant to section 2—204 of the Code of Civil Procedure. (Ill. Rev. Stat. 1989, ch. 110, par. 2—204.) Defendant maintains that the trial court properly quashed plaintiff's service of summons because plaintiff served him after the two-year statute of limitations had elapsed. Ill. Rev. Stat. 1989, ch. 110, par. 13—202.

■ We must first determine whether defendant was initially served within the applicable statute of limitations. In *Hernon v. E.W. Corrigan Construction Co.* (1992), 149 Ill. 2d 190, 192, the Illinois Supreme Court held that where a plaintiff files an action for damages for personal injuries sustained as the result of an accident on a construction site, the four-year statute of limitations for injuries sustained as a result of acts or omissions relating to construction applies (Ill. Rev. Stat. 1989, ch. 110, par. 13—214(a)), rather than the two-year personal injury statute of limitations (Ill. Rev. Stat. 1989, ch. 110, par. 13—202). On the basis of the supreme court's ruling in *Hernon*, we find that the four-year construction statute of limitations governs the present case. Plaintiff, therefore, served defendant within the applicable statute of limitations.

■ ■ The question remains as to whether plaintiff served defendant in the proper manner. Section 2—204 of the Code of Civil Procedure provides:

> "§2—204. Service on private corporations. A private corporation may be served (1) by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State; or (2) in any other manner now or hereafter permitted by law. A private corporation may also be notified by publication and mail in like manner and with like effect as individuals." (Ill. Rev. Stat. 1989, ch. 110, par. 2—204.)

In the present case, the Cook County sheriff served Lorefize, an agent of defendant, instead of defendant's registered agent for service of process. The Code of Civil procedure clearly permits a party to

serve any agent of a private corporation found in Illinois, as well as the corporation's registered agent for service of process. (Ill. Rev. Stat. 1989, ch. 110, par. 2—204.) Plaintiff in this case complied with the Code of Civil Procedure by serving an agent of defendant within the applicable statute of limitations. Accordingly, we find that the trial court erred in granting defendant's motion to quash service of summons.

■■ Plaintiff next alleges that the trial court abused its discretion when it dismissed his cause of action on account of his failure to exercise due diligence in serving defendant.

Supreme Court Rule 103(b) provides:

"(b) Dismissal for Lack of Diligence. If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice." 134 Ill. 2d R. 103(b).

See also *Hozian v. Sweeney* (1990), 202 Ill. App. 3d 444, 449, 559 N.E.2d 1054, 1057.

The present case is also governed by *Hernon v. E.W. Corrigan Construction Co.* (1992), 149 Ill. 2d 190, 192. The plaintiff in *Hernon* filed an action to recover damages for personal injuries sustained when he fell while working at a construction site. The trial court granted defendant's motion to dismiss on the basis that plaintiff's action was not filed within the two-year statute of limitations for personal injuries. (Ill. Rev. Stat. 1989, ch. 110, par. 13—202.) On appeal, the Illinois Supreme Court held that the trial court erred in dismissing plaintiff's action because the four-year construction statute of limitations governed his case. Ill. Rev. Stat. 1989, ch. 110, par. 13—214(a).

On the basis of *Hernon*, plaintiff in the present case had until December of 1990, four years after his injury, to serve defendant. After plaintiff's initial service was quashed, plaintiff again served defendant on March 16, 1990. The service on March 16, 1990, was well within the applicable four-year statute of limitations. There is no evidence that plaintiff failed to exercise due diligence in serving defendant. Accordingly, we find that the trial court abused its discretion in granting defendant's motion to dismiss this cause pursuant to Rule 103(b). 134 Ill. 2d R. 103(b).

■■ Finally, defendant maintains that the trial court. did not abuse its discretion when it denied plaintiff's motion to vacate and reconsider the trial court's order quashing service of summons. We disagree. As we noted above, the trial court's ruling on plaintiff's motion to reconsider was erroneous because the record shows that plaintiff's initial service of summons was proper. Accordingly, the trial court abused its discretion in denying plaintiff's motion to reconsider.

For the aforementioned reasons, we reverse the trial court's order quashing service of summons, its dismissal of the case for lack of due diligence and its ruling on plaintiff's motion to vacate and reconsider its order quashing service of summons, and we remand this cause to the trial court for further proceedings consistent therewith.

Reversed and remanded.

GREIMAN, P.J., and CERDA, J., concur.